Gile *v.* Libby.

CLERKE, P. J. concurred.

New trial granted.

[NEW YORK GENERAL TERM, November 4, 1861. *Clerke, Sutherland* and *Mullin,* Justices.]

---

GILE *vs.* LIBBY & WHITNEY.

Innkeepers are answerable for the honesty, not only of their servants, but of their guests.

In an action against innkeepers, by a guest, to recover the value of property lost by the latter, proof of the loss or larceny of the goods from the room occupied by the guest, is alone sufficient proof of carelessness on the part of the defendants.

What will amount to carelessness on the part of a guest, which will excuse the innkeeper.

The act of April 13, 1855, to regulate the liability of hotel keepers, was intended to exempt keepers of hotels from liability as to certain property or kinds of goods specified in it, in certain cases, or under certain circumstances, and not to alter or affect the principle or policy upon which their liability was established, or the nature of the contract or duty upon which it was enforced, at common law.

The exemption of the hotel keeper from liability for the loss of the articles mentioned in the first section of that act, was intended to apply only to such an amount of money, and to jewels, ornaments or valuables, as the

Gile *v.* Libby.

landlord himself, if a prudent person, and traveling, would put in a safe, if convenient, on retiring at night.

A watch and chain, and a gold pen and pencil case, are articles not within the meaning or intent of that section, but should be considered a part of the guest's personal clothing or apparel; and the liability of the hotel keeper for their loss is to be determined by the common law rule in such cases.

Where the circumstances render it probable that the goods of a guest are stolen from his room by a fellow lodger, with whom he is placed, notwithstanding his remonstrances, the fact of his neglecting to bolt the door of his room on retiring, as required to do by a notice, posted in the room, under the second section of the act of 1855, will not avail the hotel keeper as a defense to an action to recover the value of the goods stolen.

THIS was an action brought to recover from the defendants, as innkeepers, the value of a watch and chain, a gold pen and pencil case and $25 in money. The plaintiff was a guest at the defendants' hotel in the city of New York, July 7th, 1856. He was put to lodge, late at night, in a room occupied by another person, who was a stranger to him. He did not request to be put in a separate room, and made no objection to lodging in that room except to the porter, who showed him to it, after he arrived in it. It was a usual thing at said hotel for more than one person to occupy the same room. On retiring he turned the key in the lock, but was not sure he locked the door. He did not bolt the door, though there was a bolt for that purpose, and although a notice was posted in a conspicuous place in the room requesting him to do so. He hung his watch on a hook in a conspicuous place, and his pantaloons, containing his money, &c. upon another such hook. When he awoke, his fellow lodger had risen and departed, leaving the door open, and his watch, money, &c. were missing. A printed notice, pursuant to the law of 1855, to regulate the liability of hotel keepers, was posted in a conspicuous place in the room. The referee found as facts, the posting of the notice; that the goods were stolen from the room in which the plaintiff lodged; and as conclusions of law, that there was no negligence on the part of the plaintiff, but that the loss was occasioned by the negligence of the defendants, and that the plaintiff was entitled

to recover. To which conclusions of law the defendants excepted; and they appealed from the judgment.

*John Owen,* for the appellants. I. There being no actual negligence on the part of the defendants, and a recovery being claimed against them solely on the ground of their common law liability, to entitle the plaintiff to recover, he should have shown affirmatively that he was guiltless of any negligence which proximately contributed to the loss. (*Button* v. *Hudson River R. R. Co.,* 18 *N. Y. Rep.* 248.) Any other rule would open the door to the grossest injustice against innkeepers, carriers, and all persons on whom the law imposes such extraordinary responsibility. This being the rule, the referee should have granted the nonsuit on the application of the defendants, more especially as the plaintiff's own evidence showed clearly a want of common prudence, indeed a great degree of recklessness, if not a clear design to sustain the loss, and look to the innkeepers for his indemnity.

II. Negligence, being a mixed question of law and of fact, is established by evidence tending to show a want of ordinary prudence, and therefore the exclusion of the evidence offered by the defendants was error. (3 *Gr. & W. on New Trials,* 1345, *and cases cited. Foot* v. *Wiswall,* 14 *John. Rep.* 303.)

III. If the negligence of the plaintiff has contributed in any manner to the loss, he cannot recover. (*Purvis* v. *Coleman,* 21 *N. Y. Rep.* 111, *and cases there cited. Angell on Carriers,* § 556, *and cases cited. Button* v. *Hudson River R. R., supra; see page* 259, *opinion of Harris, J.*)

IV. It is enough to exonerate the innkeeper, if the guest has by his own neglect or imprudence exposed his goods to peril. (*Fowler* v. *Dorlan,* 24 *Barb.* 388.)

V. The notice required by the law of 1855 being posted in the room occupied by the plaintiff, he could not recover for any articles covered by that law.

VI. The plaintiff having disregarded the notice posted in

his room, "to bolt his door upon retiring," which was a rea-
sonable request, cannot claim that he was guiltless of negli-
gence. This rule seems to be established as not in conflict
with the rule that a carrier, &c. cannot limit his liability by
a mere notice, as decided in *Dorr* v. *New Jersey S. N. Co.,*
(1 *Kern.* 485. *See certain English cases cited with appro-*
*bation in* Purvis v. *Coleman, above.*)

*Beebe, Dean & Donohue,* for the respondent. I. The act
of 1855 does not alter the common law liability of innkeep-
ers as to the ordinary wearing apparel and other articles
used by a guest, and which are not usually placed by prudent
men in a safe for safe keeping. The place which is to be
provided is a *"safe"* for the "safe keeping of *money, jewels*
and *ornaments,"* in which they are to be *"deposited."* This
was never intended to reach a watch worn for use, a pen-
cil, or money necessary for traveling expenses, more than
wearing apparel. The only rule for the construction of an
act is the intent of the legislature that passed it. (*Sedg.*
*on Stat. and Const. Law,* 231. *Furman* v. *New York,* 5
*Sandf.* 16. 8 *Lond. Jur.* 795. *Johnson* v. *Bush,* 3 *Barb.*
*S. C. Rep.* 207, 238. *Young* v. *Dake,* 1 *Seld.* 463. *Tonnele*
v. *Hall,* 4 *Comst.* 140. *People* v. *Utica Ins. Co.,* 15 *John.*
358, 380.) The means to be employed in the construction is
to consider, 1. What was the common law? 2. What was
the mischief? 3. What the remedy? 4. What the reason
of the remedy? (*Sedg.* 235.) Money necessary for traveling
expenses is baggage. (4 *Duer,* 119. 9 *Wend.* 85. 6 *Hill,*
586. 4 *E. D. Smith,* 178.)

II. The defendants were liable at common law, without
proof of negligence. The statute certainly does not take away
the legal liability resulting from actual negligence. (*Mc-*
*Donald* v. *Edgerton,* 5 *Barb.* 560, 564. *Bennet* v. *Mellor,*
5 *T. R.* 273. 2 *Kent's Com.* 594.) The defendants, by plac-
ing the plaintiff in the room with a stranger to him, guar-
antied the honesty of the latter. By placing him thus, they

Gile *v.* Libby.

agreed to guard the door in case the other guest left it open. (*Jones on Bailm.* 95, 96. *Ewd. on Bailm.* 399, 401.)

III. The referee having as matter of fact found that the defendants were negligent, the court will not reverse the judgment.

SUTHERLAND, P. J.  The liability of an innkeeper by custom, or the common law, for the loss of the goods of his guest, would appear to have been founded on contract—on the implied undertaking on the part of the innkeeper to safely keep the goods, in consideration of the usual charge to be paid by the guest for his lodging and entertainment.  The action might be either assumpsit or case.  In either action it was usual, and perhaps necessary, to allege in the declaration that the loss occurred by and through the carelessness of the innkeeper and his servants.

The innkeeper was bound to take more than ordinary care ; he was answerable if the goods were stolen by his servants, or by any other persons, without any fault of himself or of his servants.  (*Jones on Bailm.* 95, 96.  *Grinnell* v. *Cook,* 3 *Hill,* 488.)

At the trial, the plaintiff had to prove in the first instance, only, that he was received into the defendant's inn or hotel as a guest or traveler ; that he brought with him into the inn or hotel certain baggage or goods of his, and that the baggage or goods were lost or stolen whilst in the inn or hotel. If the allegation of carelessness on the part of the defendant was a necessary allegation, proof of the loss alone sufficiently established it in the first instance ; for the liability of the innkeeper was an extraordinary liability, and made him, in fact, an insurer of the safe keeping of the goods.  The defendant, of course, could prove on his part, that the plaintiff himself caused or materially contributed to the loss or larceny ; and if the defendant proved this, the plaintiff could not recover, for he could not take advantage of his own wrong.

In this case the complaint not only alleges that the goods

were stolen or lost by the carelessness of the defendants, but also (probably unnecessarily and improperly) certain facts or circumstances as evidence of such carelessness; that the defendants placed the plaintiff to sleep in a room occupied by another person, and which was not securely fastened. The answer denies that the loss was occasioned by the carelessness of the defendants, but says it was by the carelessness of the plaintiff, and sets up the further defense under the act of 1855, (chapter 421,) that the defendants had provided a safe, and had given notice thereof, by posting, &c. as required by the act.

The referee finds that the loss was occasioned by the carelessness of the defendants, and that there was no negligence on the part of the plaintiff. There does not appear to have been any exception to these findings, but if there was, they are clearly right, and must be deemed conclusive on the question of carelessness. The plaintiff proved the loss or larceny of the goods from the room in which he lodged, and there is nothing in the case to impeach or contradict him. This alone was sufficient proof of carelessness on the part of the defendants.

The plaintiff, when he went to bed, turned the key in the door to lock it, but did not know that he locked it. His money was in his pantaloons pocket, and they were hung on a hook, and his watch on a nail. There was a bolt on the inside of the door. The plaintiff testifies that he did not see it. When he arose, the door was open or ajar, and his fellow lodger gone. These were all the circumstances proved to show carelessness on the part of the plaintiff. Surely they do not show it. I am not certain, independent of the act of 1855, that the plaintiff was obliged even to lock or bolt the door, to hold the defendants responsible for his loss. They were answerable for the honesty, not only of their servants, but of their guests.

The only remaining, and the material question in the case, then, is as to the construction of the act of 1855, (chapter

421;) whether that act exempted the defendants from liability in this case. I think the referee was right in holding that it did not. The act was intended to exempt hotel keepers from liability as to certain property or kinds of goods specified in it, in certain cases, or under certain circumstances, and not to alter or affect the principle or policy upon which their extraordinary liability was established, or the nature of the contract or duty upon which it was enforced, at common law.

The substance of the first section of the act is, that the hotel keeper shall not be liable for loss of money, jewels, ornaments or valuables, when he shall have provided a safe in the office of the hotel, or other convenient place, for the safe keeping of such property, and shall have posted a notice to that effect in the room occupied by the guest, and the guest shall have neglected to deposit such property in the safe.

In this case the plaintiff lost his watch, with chain attached, a gold pen and pencil case, and twenty-five dollars in money. The referee found that the amount of money lost was such a sum as was reasonable and necessary for the plaintiff's traveling expenses.

In construing the first section of the act, we must look at the whole of it. Doing so, I think it plain that the exemption was intended to apply only to such an amount of money, and to such jewels, ornaments or valuables as the landlord or hotel keeper himself, if a prudent person and traveling, would put in a safe, if convenient, when retiring at night. Can any one suppose that it was the intention of the act to exempt the hotel proprietor from his common law liability, unless the traveler emptied his pockets of every cent of money, and deposited it, with his watch and pencil case, in the safe, both of which last mentioned articles he might have occasion to use after retiring to his room? This would be not only exempting hotel keepers from their common law extraordinary liability, but requiring extraordinary prudence of their guests.

Gile *v.* Libby.

Do hotel keepers themselves, on retiring at night, take out of their pockets such a sum of money as twenty-five dollars, and their watches and pencil cases, and deposit such money and articles in their own safes? If they should do so, I think such extraordinary prudence would attract attention.

To give the act a reasonable construction, and to determine what sum of money and what articles of jewelry, or of ornament, or what valuables are within it, under the circumstances of the case, reference must be had to the ordinary use of safes, and the ordinary purpose in providing and keeping them. In my opinion, at this day, the traveler putting up at a respectable hotel, who, on retiring at night, should think of taking from his pocket and depositing in a safe such a sum as twenty-five dollars only, or his watch and gold pen and pencil case, would be considered not only extraordinarily but ridiculously prudent.

The watch and pen and pencil case are certainly valuables, and perhaps might be called jewels, but I think should be considered a part of the traveler's personal clothing or apparel. The legislature certainly did not expect the traveler, after retiring, to send down his ordinary clothing or apparel to be deposited in the safe.

The substance of the second section of the act of 1855 is, that when the proprietor of a hotel shall post, in a conspicuous manner, in the room occupied by a guest, a notice requiring him to bolt the door of his room, or on leaving his room to lock the door and leave the key with the clerk at the office, and if the guest shall neglect so to do, the proprietor shall not be liable for any baggage of the guest which may be lost or stolen from the room. It was shown in this case that there was both a bolt and a lock on the door of the room. The plaintiff turned the key in the door, and intended to lock it. He says he did not see the bolt, and there is no evidence that the door was bolted. The notices contemplated by both sections of the act were posted on the door of the room.

Gile *v.* Libby.

Assuming that the plaintiff did not bolt the door on re-tiring, the defendants could not avail themselves of that fact as a defense in this case.

I. Because it is not set up in the answer.

II. Because the money and articles lost were not probably baggage, within the meaning of the second section of the act; and,

III. Because, under the circumstances, and in the absence of any proof to the contrary, it must be deemed probable that the property was taken by the fellow lodger of the plain-tiff, and that both bolting and locking the door would not have prevented the loss.

Besides, it appears that the plaintiff remonstrated with the servant of the defendants, who conducted him to his room, against being put in a room with another person.

The judgment should be affirmed, with costs.

LEONARD, J. In my opinion, the articles stolen were not within the meaning or intent of the first section of the act of 1855. The act, therefore, constitutes no defense here.

The amount, and the circumstances of the case, take the money out of the operation of the act. The liability of the defendants is to be determined by the common law rule in such cases.

I am for affirming the judgment with costs.

WELLES, J. concurred.

Judgment affirmed.

[NEW YORK GENERAL TERM, November 4, 1861. *Sutherland, Welles* and *Leonard,* Justices.]