FERRIS F. HYATT *vs.* NOAH D. TAYLOR and JOHN TAYLOR.

Under a statute providing that whenever the proprietor of any hotel, inn, &c. shall provide a safe, for the safe keeping of any money, jewels, &c. belonging to guests, and post a notice thereof in the rooms, and a guest shall neglect to deposit his money, &c. in such safe, the proprietor of the hotel shall not be liable for any loss of such money, &c. sustained by such guest, by theft or otherwise, if after the proprietor of a hotel has furnished a safe and given the required notice thereof, a guest neglects to place his money, &c. in the safe, but keeps them in his own care, such proprietor is not responsible for their loss, to any amount, or for any value; not even for a sufficient amount of money for the guest's ordinary traveling expenses.

IN June, 1865, the plaintiff, in traveling, staid all night at the hotel kept by the defendants in Jersey city in the state of New Jersey. The plaintiff alleged and claimed on the trial that he was a guest in the defendants' house, the night he staid there, and lost nearly $200 in money, while sleeping in the room assigned him. Some other things were lost at the same time, and were considered on the trial, but as they do not affect the question, the facts respecting them are omitted. The defendants, on the trial, insisted that the plaintiff was not a guest at their house, and did not lose his money there; and if he did,

Hyatt *v.* Taylor.

they were not liable, for the reason that they had a safe in the office of the house for the purpose of depositing the money of guests, and had given the proper notice to the plaintiff, according to the laws of New Jersey, and the plaintiff had not placed his money in the safe, but had chosen to keep it by him in the room, and if lost they were not responsible for it.

As to the plaintiff's being a guest at the defendant's house, and losing his money there, the questions were properly submitted to the jury, passed upon by them, and found in favor of the plaintiff.

As to the defendant's being protected by the act of New Jersey, his honor Justice BALCOM under the force of authority charged that they were not protected as to money sufficient for necessary traveling expenses of the plaintiff. To which the defendants' counsel excepted, and under the charge the jury rendered a verdict for the plaintiff for $190.

*James W. Culver*, for the plaintiff.

*George Sidney Camp*, for the defendants.

*By the Court*, MURRAY, J. The only point upon the merits arises as to the liability of the defendants under the statute of New Jersey approved April 6th, 1865, which is as follows:

"State of New Jersey: An act for the better protection of hotel, inn and boarding house keepers.

Section 3. And be it enacted that whenever the proprietor or proprietors of any hotel, inn or boarding house shall provide a safe in the office of such hotel, inn or boarding house, or other convenient place, for the safe keeping of any money, jewels or ornaments belonging to the guests or boarders thereof, and post a notice stating that such safe is provided, in which such money, jewels or ornaments may be deposited, in the room or rooms occupied by such

guest or boarder in a conspicuous manner; if such guest or boarder shall neglect to deposit such money, jewels or ornaments in such safe, the proprietor or proprietors of such hotel, inn or boarding house, shall not be liable for any loss of such money, jewels or ornaments sustained by such guests or boarders by theft or otherwise."

The defendants having furnished the safe and given the required notice, and the plaintiff having neglected to place his money in the safe, but kept it with him in the room assigned to him, there being no more, when stolen, than was necessary for his ordinary travelling expenses, are they liable?

In construing statutes, courts are required to judge of the intention of the legislature from the plain and obvious import of the language used in the act, reading the whole act together. (*Smith's Com. p.* 763, §§ 649, 650. *Id. p.* 830, § 714, *and following. The People* v. *Utica Ins. Co.,* 15 *John.* 357–394. *Stone* v. *The Mayor of New York,* 25 *Wend.* 157, 177, *and following. James* v. *Patten,* 2 *Seld.* 10. *Post* v. *President. Utica Bank,* 7 *Hill,* 407, 408. *Waller* v. *Harris,* 20 *Wend.* 561, 562. *McClaskey* v. *Cromwell,* 1 *Kern.* 601. *People* v. *Cowles,* 3 *id.* 360.)

The language of the act is, "Whenever the proprietor, &c. shall provide a safe, &c. for the safe keeping of any money, &c. and shall give notice, &c. and such guest or boarder shall neglect to deposit such money, &c. in such safe, the proprietor, &c. shall not be liable for any loss of such money, &c. sustained by such guest or boarder." Language could hardly express more clearly than is done in this statute the intention of the legislature to relieve hotel and boarding house keepers from their common law liability as to all money, &c. in the possession of the guest, in case the guest neglects to deposit the same in the safe provided for the purpose, on being duly notified.

There is no exception in the act of any portion of the guest's money. Not a word that indicates an intention to

Hyatt *v.* Taylor.

except money necessary for traveling expenses. On the contrary, every word used in the act denotes an intention to relieve them from liability, as to all money, jewels and ornaments in the possession of the guests. The language is so plain that I think the language used by Senator Verplanck in delivering his opinion in the case of *Stone* v. *The Mayor of New York*, (25 *Wend.* 180,) may not be inappropriate. He says: " When a statute rests upon legislative discretion or judgment upon public policy, then any assumption by courts of varying, abridging or extending the clear provisions of a statute upon the ground of carrying out· the policy or intention of the enacting body, appears to me to be an usurpation of power, trangressing the fixed boundaries between the judicial and legislative authority."

This act rests upon legislative discreton, and its judgment of public policy. It is only in case of doubt or ambiguity that courts are allowed to go beyond the import of the language in search of legislative interest. (*James* v. *Patten*, 2 *Seld.* 9–13. *Stone* v. *Mayor of New York*, 25 *Wend.* 179. And in this discussion I am not unmindful of the fact that this act is in derogation of the common law, and must be strictly construed. But I will go farther, and examine the cause and necessity for this enactment, and judge from them what probably was the intention of the legislature in the passage thereof.

At common law, if the plaintiff was a guest at the hotel of the defendants, and lost or had his money stolen from him while in his room, the defendants were liable. They stood in the light of insurers of the property of their guests, unless they could show that the negligence of the guest contributed to the loss. The frequent loss of money— more frequently in small quantities—and watches by guests at hotels, and the ease with which the guest could establish his claim against the hotel keeper; the difficulty for the hotel keeper to disprove such a claim, placing him

almost entirely in the power of the guests; and the extra-ordinary character of the common law liability of the hotel keeper, all combined to demand the passage of this act by which the property of the guest could be preserved from loss, and hotel and boarding house keepers protected from liability, and the guest made responsible for his own neglect to place the property in a secure place. Few travelers carry large amounts of money. The great mass of them carry no more than is necessary for traveling expenses. Except from the operation of the act, means necessary for traveling expenses, and you afford little protection thereby to the hotel keeper.

The act in question includes boarding-house keepers, as well as hotel keepers. Travelers do not usually stop at boarding houses. They are usually adapted to, and occupied as abodes for individuals for a longer period of time than travelers usually stop. The exception claimed for the benefit of travelers would not be necessary as to boarders. There is no distinction made, in the act, between the two. This tends strongly to show that the legislature never intended an exception to be made as to any money.

The act is entitled "An act for the better protection of hotel, inn and boarding house keepers. By this the intention of the legislature is clearly indicated. The framers had in view the better protection of hotel keepers. They expressed an intention to frame a law that would relieve them from the common law liability as to the property named therein. Having that in view, did they intend or contemplate that a construction should be given to their act more strongly against the object of their favor than the plain and obvious import of the language used by them? With this object in view they doubtless intended to give them protection to the extent of the language used. If they had intended an exception to have been made against them they themselves would have placed it there.

By this act no hardship is imposed upon the guest. If

Hyatt *v.* Taylor.

he has money of such amount, or jewelry, or ornaments of such value, that he is unwilling to keep them in his own care, and be responsible for their loss, he can entirely relieve himself from such care and responsibility by having them placed in the safe provided. If he deems his money of too small an amount, and his jewely and ornaments of too little value, to require that precaution; or if he is of opinion that his room is so securely fastened; or if he is in a place not frequented by thieves, or in a house where all persons about it are known to him to be above suspicion, so that precaution is needless to guard against loss, he can keep his money, jewelry and ornaments with him, at his own risk. The act places the matter entirely in his own hands. He acts according to his own judgment, and assumes the responsibility or not, as he chooses. Let the amount or value be greater or less, he judges of the propriety of using the required precaution. The manifest justice and propriety of such an act also tends strongly to show the legislative intent.

I am thus forced to the conclusion that the defendants, having furnished the safe and given the required notice, and the plaintiff having kept his money and things in his own care, and neglected to place them in the safe, are not responsible for their loss to any amount, or for any value.

I am reluctantly forced to this conclusion, out of deference to the opinion of the general term of the Supreme Court in the first district, written by his honor Justice SUTHERLAND, in the case of *Gile* v. *Libby & Whitney*, (36 *Barb.* 70,) giving the construction contended for by the plaintiff in this action, to a statute of this state substantially similar to the act of New Jersey in question. But I cannot, in accordance with my convictions of what is the true and only legitimate construction to be given to the act in question, adopt its reasoning or conclusion.

The point has not been made, and this court is not called upon to decide, what effect it would have upon

the defendants' liability, in case it was submitted to the jury and they found that the defendants were guilty of gross negligence in placing the plaintiff in a room totally unsafe and unfit to be occupied by guests.

The verdict should be set aside, and a new trial granted, costs to abide the event.

[Broome General Term, May 12, 1868. *Balcom, P. J.* and *Boardman, Parker* and *Murray* Justices.]