By the Court, Robertson, Ch. J.
The defendants would clearly not have been liable' in this case if the property lost by the plaintiff came within the provisions of the act of 1855, relative to hotel keepers, (N. Y. Sess. Laws, 1855, p. 774;) or he made a contract with them not to hold them responsible for such property if not deposited in their safe; or he was guilty of negligence, which contributed to the loss.
The statute of 1855 is very general in its language. By it the proprietors of a hotel are exempted from liability for “the loss of any money, jewels or ornaments, sustained” by a guest at such hotel when not deposited by him in a safe to be provided by such proprietor in a convenient place for their safe keeping, in case he has posted in a conspicuous manner in the room occupied by such guest, a notice stating that such safe is provided, in which such money, jewels or ornaments may be deposited. It was undoubtedly passed to protect and limit the common law liability of hotel keepers, and authorized, probably, no more than they had a right to do, in order to protect themselves, without any statute. At common law they were liable to *366 their guests for their loss of money, to the extent of enough to cover their traveling expenses, of wearing apparel of personal ornaments, but not, as this court has recently had occasion to hold, ( Wilkins v. Earle, 3 Rob. 352,) for all the property brought by them to the hotel, unless notice was given to the keeper of it, or he assumed its safe keeping. The statute limits its applicability to money, jewels and ornaments. The plaintiff’s watch hardly came under either of the latter designations, unless its value was far beyond that of those ordinarily carried by travelers and was greatly enhanced by jewels, with which it might be ornamented. It is an article worn for constant use, almost as necessary by night as by day. Carried by a man, it could hardly be said to be a mere ornament, as it is generally concealed from view. . The chain, also, may be a necessary appendage, and could only rank as jewelry or ornaments, where its value or fashion exceeded that of one worn for mere use. So, too, the statute must bear a reasonable construction as to money. It is not to be expected that a man should deposit every cent he has about his person in the safe provided for it. Various emergencies may arise for the immediate use of money, in small sums, at all hours, which might make it inconvenient to require constánt applications to have the safe opened to obtain it. He must certainly be entitled to carry with him to his bed chamber at night as much as would meet those contingencies—a reasonable sum such as a prudent man would keep. This would not necessarily be his whole traveling expenses, and it was for the jury to say what such reasonable sum was. The case of Gile v. Libby, (36 Barb. 70,) recently decided by the Supreme Court, general term of this district, is directly in point, and although I may not concur in adopting to its full extent the standard laid down in that case for determining what should be deposited, under the statute of 1855, or in considering it a question of law only, I agree that such statute is not to be construed strictly, and admits of a reasonable exception. It must be assumed, in this case, that fifty dollars *367 was a reasonable sum for the plaintiff to retain with him > as no request was made to submit that question to the jury.
I do not think the notice printed at the head of each page of the register of the defendants, under which guests register their names, can be converted into a contract, without proof that the plaintiff’s attention was called to it, and he signed his name with intent to be bound by it. Similar notices, on passengers’ tickets or carriers’ receipts, have been held not to constitute contracts, without some express adoption of their terms by the holders. Indeed, it may be doubted whether such a contract would be upheld; (Kirkman v. Shawcross, 6 T. R. 17, per Lord Kenyon. Cole v. Goodwin, 19 Wend. 269, Cowen, J.)
The only question which remains is that of the supposed contributing negligence of the plaintiff, in not fastening the door of his room, as well as the fanlight over it. I do not think that, as matter of law, the court was bound to hold that omitting to fasten the latter, was negligence, particularly as the counsel for the defendants admits it was too small to admit of any person entering; and the question of concurring negligence was "submitted to the jury. In the absence of direct evidence, it was a matter" for them to determine> whether the key could be turned from the outside, or whether the plaintiff used the fastenings of the door to secure it or not, or as he testified, he locked it, whether it was negligence not to bolt it. I do not know that any inspection of the fastenings would enable the court to pronounce more authoritatively, as matter of law, on their security.
It is true the defendants may have furnished every material means for enabling the plaintiff to protect himself against marauding, but in so large an establishment the use of a watchman would probably be worth as much as all the other means; and in this case there was no evidence of that precaution having been taken.
Such cases may be hard upon hotel keepers, particularly" *368 as they are at the mercy of the oath of the party complaining; but the remedy, if any where, is with the legislature, not the courts. ■ •
The judgment in this case must, therefore, be affirmed, with costs.