## STEWART vs. PARSONS.

*Liability of inn-keeper for watch, &c., of guest.*

Chapter 318, Laws of 1864 (which provides that "no inn-keeper in this state who shall constantly have in his inn an iron safe in good order and suitable for the safe custody of money, jewelry and *articles of gold and silver manufacture,*" &c., and who complies with the requirements of that act, shall be liable for the loss of such articles by any guest, unless, &c.), *held* to apply to gold or silver watches, and watch chains, usually worn by the guest about his person.

APPEAL from the Circuit Court for *Dane* County.

Action for the value of a gold watch and chain, belonging to plaintiff, and alleged to have been, through defendant's negligence, lost and stolen from plaintiff's room, while he was occupying his sleeping room in defendant's inn. The complaint states that plaintiff was wearing the watch and chain in a pocket in his clothing, and that they were "such as he habitually did, and reasonably and properly might, carry and have with him." The answer alleges the facts required by the terms of ch. 318, Laws of 1864, as a protection to the inn-keeper in any case to which that act applies.

The court found, among other things, that the allegations of the answer were true; that the watch and chain were such as plaintiff usually did, and properly might, carry and have with him, and that they were lost and stolen from his room, without his fault, by some person unknown. On these facts, it held defendant liable for the property, and rendered judgment against him; from which he appealed.

*Wm. F. Vilas,* for appellant, argued that the language of the statute is plain and unambiguous, and leaves no room for construction (*Ogden v. Glidden,* 9 Wis. 46, 52; *Woodbury v. Shackleford,* 19 id. 55); that the construction contended for by the plaintiff would, in a great measure, defeat the object of the law; and that the decision in *Gile v. Libby* (36 Barb. 70), was not of

the same statute, was not permissible in its own nature, and was not by the highest tribunal in New York.

*A. Scott Sloan*, for respondent, cited *Gile v. Libby* (36 Barb. 70), and argued that the statute could not have been intended to apply to articles usually carried for actual use, and which the traveler most needs in his room. Where a statute of another state has received a judicial construction, our legislature, in adopting the statute, is presumed to have also adopted the construction (*Paine v. Chase*, 14 Wis. 653); and this, although our court "is not quite satisfied" with the construction given. *In re Gill*, 20 Wis. 695.

COLE, J. It may be assumed, upon the record in this case, that the defendant fully complied with the provisions of chapter 318, Laws of 1864, and that the plaintiff did not offer to deposit his watch and chain in the safe of the defendant. The circuit court finds these facts, and the correctness of the finding upon these points is not controverted by either side. But still, the court held that, as the gold watch and chain were such property as the plaintiff might reasonably carry upon his person, the defendant was liable for their loss in his capacity as inn-keeper, or as bailee for hire, notwithstanding he had complied with the requirements of this law. The court below doubtless thought that the law was not intended to apply to and include a watch and chain worn by a guest upon his person. It seems to us, however, that there is no satisfactory reason for saying that the property lost does not come fully within the language and intent of this enactment. The statute provides, in substance, that "no inn-keeper in this state, who shall constantly have in his inn an iron safe, in good order, and suitable for the safe custody of money, jewelry and articles of gold and silver manufacture, and of the like," and who complies with the requirements of that act, shall be liable for the loss of any such article suffered by any guest, unless such

Stewart vs. Parsons.

guest shall have first offered to deliver such property to the inn-keeper for custody, and the inn-keeper shall refuse or omit to take it. The statute makes no exception of any article "of gold or silver manufacture," like a watch and chain, which are generally worn upon the person, and which the guest might find very convenient to have about him after retiring to his room. And it would seem needless to remark, that a gold watch and chain are "articles of gold manufacture," and are therefore embraced in the very language of the statute. Upon what ground can it be claimed, then, that the defendant is responsible for the loss in this case, it being conceded that he complied with the law, and that the plaintiff did not offer to deliver his watch and chain to him for safe-keeping? It seems to us that to hold him liable, under the circumstances, is practically to nullify the statute.

The object of this law is very manifest. It is intended to limit and restrict the liability of an inn-keeper at common law, or by custom, for the loss of the goods of his guests committed to his care. It is well known that this rule, establishing the liability of the inn-keeper, was very strict, and sometimes severe. The rule was said to be "founded on the great principle of public utility, to which all private considerations ought to yield" (Jones on Bailments, 95, 96); and, when we consider the condition of society, and the fact that travelers are obliged to rely very much upon the good faith and honesty of inn-keepers for the safety of their goods, there would still seem to be much sound wisdom in the rule. But the legislature has seen fit to change it, and to provide that when the inn-keeper complies with the provisions of this law, then he shall not be liable for the loss of any money, jewelry and articles of gold or silver manufacture belonging to his guest, unless he refuses to take and deposit it in his safe when offered to him, or unless the loss happens by the theft or gross negligence of the inn-keeper or some of his servants. As the legislative intention is clearly expressed, without

any ambiguity or uncertainty, that the inn-keeper should not be liable in a case like the one before us, the law must have effect, whatever we may think of its wisdom or policy.

Considerable stress is laid, in the brief of counsel for the plaintiff, upon the case of *Gile v. Libby* (36 Barb. 70), involving the question of the liability of inn-keepers for the loss of the property of their guests under the statute of New York. All that we deem it necessary to say in reference to that case is, that we cannot give it a controlling influence in the construction of the law before us. That decision was made upon a statute somewhat different in its language from ours; and, besides, the reasoning of SUTHERLAND, P. J., is not very satisfactory. Pressed by considerations of public policy and convenience, the judge seems to labor to show that the property lost in that case was not of the kind embraced within their statute. The effort does not seem to me to be very successful; but, if it were otherwise, we should not feel bound to follow that decision, since the language of our statute is too plain to leave us in doubt as to what the legislature intended.

After this opinion was drawn up, my attention was called to the case of *Hyatt v. Taylor* (51 Barb. 632), where the court, in effect, declined to adopt the reasoning and conclusion of Justice SUTHERLAND in *Gile v. Libby.*

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.