By the Court.—Monell, J.
The cases of Wintermute v. Clark, 5 Sandf. 247, and Taylor v. Monnot, 4 Duer, 116, are sufficient authority for us to hold the defendant responsible, as the “proprietor of a hotel f within the meaning of the act of 1855, Sess. Laws of 1855, ch. 421.
There was no error in the instruction to the' jury in respect to the notice printed at the head of the register. There was no proof that it was seen or assented to by the plaintiff, and without such proof, it was not his *275 contract (Ramaley v. Leland, 6 Robt., 358). Besides, the court left it to the jury to say whether the plaintiff had agreed to it.
So far as the facts in this case oorrrespond with those in Hyatt v. Taylor, 43 N. Y. 258, we are controlled by that decision. That case involved a construction of a Hew Jersey statute, which like our statute, relieved proprietors of hotels from liability, for the loss of “ money, jewels or ornaments,” when the proprietors had provided a safe for the deposit of such articles. The articles which had been stolen were, “money, two gold studs and two gold pens,” and two of them, namely, the money and gold studs, were very properly regarded as being within the letter of the statute. But the court did not, in terms, decide that gold pens, a part of the property lost, were either jewels or ornaments.
The principal question, which engaged the attention of the court in that case, was whether the true construction of the act, did not confine the liability of hotel proprietors to sums of money, in excess of what was a needful amount for the ordinary traveling expenses of the guest; and, therefore, the other articles alleged to have been taken, were not considered by the court.
In the case before us, the articles for which the plaintiff had a recovery were a “ gold watch and gold chain.”
Statutes in derogation of the common law are to be strictly construed,' and not extended beyond their express words or clear import (Millered v. Lake On. An. & N. Y. R. Co., 9 How. Pr. 238 ; McCluskey v. Cromwell, 11 N. Y. 593), and the question in this case is, whether the articles, for which a recovery was had, are included, in the terms or meaning of the statute.
In two cases (Ramaley v. Leland, supra, and Gile v. Libby, 36 Barb., 70), it has been held that such articles *276 are not among those enumerated in the statute ; and in the uncertainty in which ihe question is left by the decision in Hyatt v. Taylor, we should, I think, follow those cases.
I am aware that in the opinion in the court below, in Hyatt v. Taylor (see 51 Barb., 632), language is used which seems necessarily to bring these articles within the definitions of “jewels or ornaments,” and no discrimination is made in giving effect to the statute between those articles and “money.” But while the learned justice, who delivered the opinion below, held that a landlord is not responsible for the loss of the “money and things” of Ms guests, he also admitted that the legislature intended to give to the former, protection only to the extent of the language used. And Mr. Justice Woodruef, in the appellate court, says (p. 261) there is nothing in the statute itself indicating any intent other or less extensive than the unequivocal language imports.
While it is borne in mind that in Hyatt v. Taylor, the only question was, whether a guest could recover for the loss of a greater sum than was found needful for his traveling expenses, it will readily be seen that no other or further construction of the statute was necessary, than would enable the court to decide that question.
So far then as that case goes, the question in tMs case may be considered as open, and may, therefore, rest upon the authority of the two cases already cited.
I will merely add in its support, the definition of “jewels” taken from Webster, “an ornament of dress in which the precious stones form a principal part.”
As a conclusion, I am of opinion that a watch and chain are not, within the meaning of the statute, a jewel or an ornament, for the loss of which a hotel' proprietor is protected by the statute.
The judgment should be affirmed.