EDWARD SWANN, Appellant, *against* CHARLES SMITH, Respondent.

(Decided January 3d, 1887.)

Defendant was the keeper of a bathing-house, the rooms in the upper floors of which were let in apartments to lodgers, one of which was occupied by plaintiff. The hall-door, which gave access to the office of the bath-house, was also the approach to the stairway that led to the floor on which plaintiff's room was situated, and was usually left unlocked. Plaintiff's door was furnished with a spring lock, but as a matter of convenience was by him usually left unlocked. *Held*, that defendant was not liable for a loss by theft of property in plaintiff's room, by persons and in a manner unknown, plaintiff having been lacking in ordinary care in not keeping his door locked.

APPEAL from a judgment of the District Court in the City of New York for the Seventh Judicial District.

The facts are stated in the opinion.

*Edward Swann*, appellant, in person.

*M. Hoyt*, for respondent.

PER CURIAM. — [Present, VAN HOESEN and BOOK-STAVER, JJ.] — The defendant kept a bathing-house, the upper floors of which were let in apartments to lodgers. The plaintiff, with a room-mate, occupied one of the rooms. The hall-door, which gave access to the office of the bath-house, was the approach to the stairway that led to the floor on which the plaintiff's room was situated. That hall-door was generally left unlocked, though it was probably the intention of the defendant to have it kept closed. The plaintiff knew that the hall-door was almost always open. There was a spring lock on the door of the plaintiff's room, which effectually locked the room, but, for purposes of convenience, the plaintiff inserted something in the lock that prevented it from working, and enabled either the plaintiff or his room-mate to get into the room without the trouble of unlocking the door. The friends of the plaintiff and of

his room-mate also entered the room at pleasure. The defendants had some mechanics at work in the house, and about that time the plaintiff missed some clothing that was hung up in his room. Who took it does not appear, but the plaintiff seeks to recover its value on the ground that the loss was caused by the negligence of the defendant in leaving, or suffering the servants to leave, the hall-door unlocked.

There is authority for holding that a lodging-house keeper, like the defendant, does not assume responsibility for the goods of his lodger, as he does not take them into his custody (Edwards on Bailments § 477; *Smith* v. *Read*, 6 Daly 33; see observation of Judge LOEW on page 35; Kent's Comm. 13th ed. vol. 2 marg. p. 596).

But conceding that the defendant was bound as a lodging-house keeper to take the same care of the plaintiff's property that a prudent person takes of his own, the defendant nevertheless was entitled to judgment in his favor. The plaintiff complains that the defendant did not keep the hall-door locked, and yet he himself left the door of his own room unlocked. If the defendant were guilty of negligence, so was the plaintiff, for he left his room open, knowing that persons from the street could enter the house, and pass up the stairway without being seen by any one in the office. Even were the defendant an inn-keeper, he would not be liable if the negligence of the plaintiff had conduced to the loss (*Armistead* v. *Welde*, 17 Q. B. 261; see citation from Kent, *supra*).

The duty of the plaintiff — a duty the performance of which was essential to his right of action — was to use the ordinary care that a prudent man is expected to take under the circumstances; and the justice was right if he held that the plaintiff was lacking in ordinary care in leaving his door unlocked when he knew that the hall-door was also open to all who chose to enter.

The judgment should be affirmed.

Judgment affirmed.