Lewis W. Becker, Respondent, v. Alfred S. Warner, Appellant.

*Innkeeper — loss of a watch — contributory negligence of a guest — a watch is neither a "jewel" nor an "ornament" — it need not be deposited in a safe — when money must be so deposited.*

A watch is neither a "jewel" nor an "ornament" within the meaning of the acts protecting innkeepers from liability to a guest for the loss of property, and need not be deposited in the safe which the statute provides is to be provided by an innkeeper; and the latter is liable for the loss thereof unless the negligence of the guest has contributed to it.

*It seems*, that where a guest has money in his possession to the extent of fifty dollars he is required, under the statutes protecting innkeepers, to deposit it in the safe provided in the hotel, and that if he fails to do this he cannot recover for its loss.

Upon the trial of an action brought against an hotel keeper to recover for the loss of a watch and chain and fifty dollars in money, which had been stolen from the plaintiff while he was a guest in the hotel, it appeared that the plaintiff's room was on the ground floor, with a window opening on a public street, the bottom of the window being about three feet above the street. There was evidence tending to show that when the plaintiff retired he left the gas burning brightly in the room, the window unfastened, and that his vest containing his watch was hanging upon a peg and his trousers containing his money were placed in a conspicuous position. There was also evidence tending to show that the plaintiff was more or less intoxicated at the time.

*Held*, that the plaintiff, having failed to use ordinary care to protect himself and his property, was guilty of contributory negligence and could not recover.

Appeal by the defendant, Alfred S. Warner, from an order of the Supreme Court, made at the Erie Circuit and entered in the office of the clerk of the county of Erie on the 3d day of January, 1895, setting aside the verdict of a jury in favor of the defendant and granting a new trial of the action.

*Moses Shire*, for the appellant.

*Hudson Ansley*, for the respondent.

Ward, J.:

On the 20th and 21st of July, 1893, the defendant was keeping an hotel in Buffalo known as the Stafford House. At that time the plaintiff (respondent here) was a guest at the hotel. He was a mer-

chant from the country, and was there in connection with his business. On the evening of the second day the plaintiff went out riding with some friends in the city, and remained out until about one o'clock. A bell boy in the hotel conducted the plaintiff to his room, which was on the ground floor of the building with a window opening on a public street, the bottom of the window being about three feet above the street. The plaintiff knew this fact. There were two clerks at the hotel and a bell boy, one clerk leaving and the other coming on at one o'clock. The clerk who left saw the plaintiff come in, and testified that he had known him for some time; that he appeared as usual, but he thought he had been drinking. Albert S. Rice, the clerk who came on at one o'clock, testified in substance that he gave the plaintiff the key to his room, to which he went, accompanied by the bell boy. At two o'clock the clerk sent a boy around the hotel to look after it. He came back and made a report to the clerk. Rice went and looked into the window of the plaintiff's room and saw him lying on his bed in his underclothes, not under cover. The window, which was sufficient to admit a person, was open and the blinds were open. The gas in the room was burning brightly, so that practically everything could be seen therein. Rice then went inside to the door of the plaintiff's room, and, after a loud knocking, aroused the plaintiff, who let him in. The plaintiff appeared drowsy. His clothes were upon the floor. The plaintiff picked up his clothes, looked through them, said he had lost his watch and money. The clerk asked him if he had put down his window. He said he had not, but that the blinds were down. The bell boy was sworn, and he testified that at two o'clock he went around the house and found plaintiff's window open. The gas was burning high and the blinds were open; that plaintiff was lying on top of the bed in his underclothes; that he reported the matter to the clerk, and that they went to the door of plaintiff's room, when they rapped three or four minutes on the door, and finally succeeded in waking the plaintiff up. The plaintiff asked him what his name was, and said that he (plaintiff) was pretty drunk when he went to bed, and told the bell boy that he ought to know better than show him to a room with the windows open.

The plaintiff testified in substance that when he went to the room he had a gold watch with him and a chain attached, and about fifty

dollars in money; that he knew he was on the ground floor, and that a man could step right into his room from the street; he did not know whether the window was open, but that the inside blinds on the window shoved up and down, and they were closed. There was a bath room connected in which he took a bath; that when he retired he put his vest on a hook in the room, and his watch was in his, vest pocket; he put his pants on the bedpost and his money was in the pants pocket; that he was awakened at two o'clock and he observed that these things were gone, and he never found them. As to the light he first testified: "I left that light that night; the gas was burning at full head, and it was so burning when they woke me up." As the examination proceeded he said he didn't remember swearing to just what has been stated, but the fact was that while the light was burning in his room he had turned it partially down; that when he awoke he found the window wide open from the bottom, and that the inside shutters had been pushed together; that when he retired he did not go to look as to whether the shutters were closed or latched; that he paid no attention to the window, but persisted in saying that the blinds were closed; he denied that he was under the influence of liquor, but he admitted that he had taken a glass or two of beer with his friends, with whom he had been riding, at a saloon before coming to the hotel.

The defendant had posted the proper notice in his hotel that was required by chapter 421 of the Laws of 1855, as amended by chapter 227 of the Laws of 1883, notifying the guests that a safe had been provided in the hotel in which the money, jewels or ornaments of the guests might be deposited, and that if they should neglect to deliver such money, jewels or ornaments to the person in charge of the office for deposit in such safe, the proprietor of the hotel would not be liable for the loss of such jewels, money or ornaments. The learned trial judge held that the plaintiff could not recover for the money lost, as the statute protected the defendant in that regard, but might recover the value of the watch and chain, unless the plaintiff's negligence, under the circumstances, had contributed to the loss of the property, and that question was submitted to the jury, who, after being out two days, brought in a verdict for the defendant. A motion for a new trial was made upon the minutes of the judge, and the court granted a new trial, and in a brief

opinion states the impression of the court that the verdict rendered was against the evidence, and the result of passion or prejudice on the part of the jury.

The appellant insists that under the statutes cited the defendant is not responsible for the loss of the watch and chain, as it comes within the description of the property covered by the notice that should be deposited in the safe, and cites *Rosenplœnter* v. *Roessle* (54 N. Y. 262, 266) As there is some confusion in the cases upon this subject, it may be useful to glance at the decisions relating to it.

In *Gile* v. *Libby* (36 Barb. 70) the action was against an innkeeper for the value of a watch and chain, gold pen and pencil case and twenty-five dollars in money. The statutory notice had been posted in the hotel, and the court held that the watch and chain were neither jewels nor ornaments, and that the plaintiff might recover for those as well as the small amount of money which he had a right to keep about his person, and that the statute requiring the deposit of the money in the safe referred not to the small amount usually carried by guests but to larger amounts. This was a General Term decision of the first department and was not reversed.

But in *Hyatt* v. *Taylor* (51 Barb. 632) the Broome General Term held that as to money and jewels the guest was not excused for retaining them to any extent. If he did and they were stolen he must bear the loss. This case went to the Court of Appeals, where the judgment was affirmed (42 N. Y. 258), and the view of the General Term as to jewels and money was sustained, and we may, therefore, regard *Gile* v. *Libby* as to jewels and money overruled.

In *Bernstein* v. *Sweeny* (33 N. Y. Super. Ct. [1 J. & S.] 271) an action was brought to recover for a watch and chain and diamond shirt studs. The court held that a watch and chain were not within the meaning of the statute jewels or ornaments for the loss of which the hotel proprietor is not liable, but is protected under the statute. ALLEN, J., speaking for the Court of Appeals in *Ramaley* v. *Leland* (43 N. Y. 539) at page 542, says: "The statute permits a proprietor of a hotel to relieve himself from his strict common-law liability in respect to certain classes of property upon compliance with the prescribed conditions, but the exemption is limited to the particular species of property named, and being in derogation of the common law cannot be extended in its operation

and effect by doubtful implication so as to include property not fairly within the terms of the act; * * * By statute the proprietors of hotels may provide a place of safe-keeping of money, jewels or ornaments belonging to the guests," etc.

"A watch is neither a jewel or ornament as these words are used and understood either in common parlance or by lexicographers. It is not used or carried as a jewel or ornament, but as a time piece or chronomoter, an article of ordinary wear by most travelers of every class and of daily and hourly use by all. It is as useful and necessary to the guest in his room as out of it, in the night as the day-time. It is carried for use and convenience and not for ornament."

In *Rosenplœnter* v. *Roessle* (*supra*) an action was brought to recover a lady's bracelet, stud, hair pin, sleeve buttons, etc., which were stolen from her trunk in the Delavan House, Albany. The court held that the statutory exemptions applied to these articles and that the plaintiff could not recover. Judge EARL in the opinion in that case, in speaking of the cases of *Gile* v. *Libby* and *Hyatt* v. *Taylor* (*supra*), says as follows, at page 266: "The law is thus settled in this State that if a guest on retiring to bed at night removes a *watch* or jewelry from his person or leaves money in his pocket and neglects to deposit the same in the safe provided for that purpose, he cannot hold the landlord liable for the loss of the same, provided the notice required by the statute had been posted," etc.

In so far as the foregoing statement includes a watch it was evidently an inadvertence on the part of the learned judge, or at least *obiter*. There was no watch in controversy in that case, but the question was directly before the same court a short time before in *Ramaley* v. *Leland* (*supra*), where an action had been brought against the proprietor of the Metropolitan Hotel in New York by a guest to recover the value of a watch that had been stolen from his room.

We must hold that the law is correctly stated in *Ramaley* v. *Leland*, and, therefore, the first contention of the defendant cannot prevail.

But the defendant also contends that he is relieved from responsibility for the loss of this watch and chain because of the negligence of the plaintiff contributing, and without which it would not have occurred. The evidence of the intoxication of the plaintiff was

received upon this question of negligence upon the principle asserted in *Walsh* v. *Porterfield* (87 Penn. St. 376, 378) that if the plaintiff was intoxicated and this in any way contributed to the loss, he could not recover. It is more probable that an intoxicated man, or one whose reason and judgment is obscured by drink, may be less cautious, even of property upon which he sets high value, than one in possession of his normal faculties. Such, indeed, is the common experience of mankind. This question was fairly submitted to the jury by the learned trial court, and, in our judgment, was properly submitted, and the verdict of that jury should not be disturbed.

We have stated the leading features of the evidence at some length, bearing upon the question of the plaintiff's negligence, without desiring to prejudice his case in any way upon another trial by a statement of the effect of the evidence upon this question. We simply say, without repeating the evidence, that the bare statement of that evidence must lead to the conclusion that a serious question exists as to whether the plaintiff was not so negligent as to destroy his right of recovery. A guest going to a hotel should use reasonable care and caution to protect his property and himself from the prowling night thieves that infest hotels and cities. There was evidence to go to the jury, and upon which they might act, showing that the plaintiff did not exercise that ordinary care which he should have done under the circumstances. Take the whole evidence together and the jury might conclude that there was an open window in this room on this summer night, through which any street thief could creep with the slightest effort, and through which he could see by a broad light that fell upon a sleeper, with his vest, containing his watch, hanging up on a peg, and his pants, containing his money, conspicuously placed, and that that condition was created by the plaintiff himself, or permitted by his negligent ignorance of the situation.

It was held in *Swann* v. *Smith*, by the General Term of the New York Common Pleas (14 Daly, 114), that an hotel keeper was not liable for property stolen from the plaintiff's room, under the circumstances there stated, when the plaintiff had left the door unlocked, as in doing so he indicated want of ordinary care.

And in *Ramaley* v. *Leland* (43 N. Y. *supra*) the court said that the question whether the plaintiff could and did bolt his door was

properly submitted to and passed upon by the jury upon the question of plaintiff's negligence.

Certainly, if the failure to lock the inside door of the plaintiff's room in a hotel was sufficient upon the question of negligence to carry the question to the jury, the circumstances in this case are sufficient.

Our attention is called to the rule that granting and refusing new trials on the minutes is a matter largely resting in the discretion of the trial court. That rule does not assist the plaintiff in this case, as the circumstances of negligence to which the evidence points are so formidable that we must review the discretion of the trial court and reverse this order.

Nor can we discover anything in the case or in the conclusion of the jury or in the length of time it took to consider the case, to justify the conclusion that the jury were governed by passion or prejudice.

The order granting a new trial should be reversed and judgment in favor of the defendant entered upon the verdict, but without costs.

LEWIS and BRADLEY, JJ., concurred.

Order reversed, without costs.