Dore, J.
By the determination of Appellate Term appealed from, affirming judgment in plaintiff’s favor after non jury trial in the Municipal Court, defendant has been held liable in damages for loss of plaintiff’s Persian lamb fur coat from the room she occupied as a guest in defendant’s hotel. The trial court granted plaintiff judgment on the merits for $250 and judgment with interest and costs was entered in plaintiff’s favor for $315.75.
At common law an innkeeper was liable as an insurer of the property of guests lost by theft unless the loss was occasioned by the negligence or fault of the guest (Millhiser v. Beau Site Co., 251 N. Y. 290,293; Hulett v. Swift, 33 N. Y. 571; Wilkins v. Earle, 44 N. Y. 172).
Plaintiff admitted that on January 27, 1946, at 10:00 p.m. she undressed in her hotel room, suite 1206, and went to bed leaving the door of her room unlocked. She deliberately left the door *68 unlocked so as to avoid the inconvenience of getting up to open the door for her girl friend who shared the room with her and who was coming in later. Plaintiff had all the room lights lit and sat up in bed intending to read the papers while waiting for her friend, but later she fell asleep; and when she awoke about midnight, her Persian lamb fur coat which she had in the closet of the room had disappeared.
The hotel is a large metropolitan hotel, to the corridors of which thousands of persons necessarily have access. Defendant’s evidence showed that there were 1,500 rooms in the hotel, accommodating about 2,300 guests a night; that in the month in question there was a check-out of 300 or 400 guests a day; that several thousand persons passed through the hotel during an average business day and ten or fifteen hundred persons used the ballrooms in the hotel; and that all of such persons had access to all the floors in the hotel. The hotel employed sixteen officers, seven in plain clothes and nine in uniform, and the latter patrolled the floors and observed hotel room doors after midnight; and if doors were found unlocked the guests were requested to lock them, and in the absence of the guest the doors are locked by the house officer.
The action was for breach of contract of bailment, but there was no proof of bailment. The fur coat at the time of the loss was in plaintiff’s room and in plaintiff’s exclusive custody and control (Northern Ins. Co. v. American Parkchester Garages, 51 N. Y. S. 2d 395 [App. Term, 1st Dept.]). Under the circumstances disclosed, plaintiff in failing to take the simple ordinary precaution of locking the door of her room before she went to bed when she knew she had in the room a valuable fur coat, acted in a manner that facilitated the theft and was guilty of contributory negligence; on this record such negligence was at least a contributing cause of the loss (Becker v. Warner, 90 Hun 187, 192).
In supplemental briefs requested by the court, both parties concede that section 201 of the General Business Law is not herein applicable.
Accordingly, we vote to reverse the determination of the Appellate Term and the judgment of the Municipal Court and to dismiss the complaint.