JACOB BENDETSON, Appellant, v. RICHARD FRENCH, Respondent.

Plaintiff, a guest in defendant's hotel, offered to the book-keeper a large package containing jewelry, and without stating its contents, requested him to deposit it in the safe. The book-keeper replied that it was not necessary, and requested plaintiff to take it to his room, saying, it would be just as safe there. When plaintiff was ready to leave, he packed his trunk, in which the package then was, delivered up the key of his room to the hotel clerk, and requested the trunk to be brought down immediately. This was not done; and upon plaintiff's calling for it shortly after it was found broken open and the package stolen.—*Held*, that defendant could not be held responsible for a refusal to receive; but that there was a " neglect to deposit " within the meaning of the innkeepers' act of 1855. (Laws of 1855, chapter 421.)

That said act, however, only relieves the hotel proprietor from losses occasioned by such neglect; and that, as in this case, the loss happened at a time when the package, if it had been deposited, would have been returned to the guest to be packed prior to departure, defendant was liable.

(Argued June 21st, 1871; decided September 5th, 1871.)

APPEAL from an order made by the Supreme Court at General Term in the first district, reversing judgment in favor of plaintiff, entered upon the report of a referee, and granting a new trial. (Reported below, 44 Barb., 31.)

The action was against the defendant, a hotel proprietor, to recover the value of watches, jewelry, etc., claimed to have been stolen from the plaintiff's room in October, 1861, while he was a guest in the inn.

In October, 1861, the defendant was the proprietor of and kept an inn, known as French's Hotel, in the city of New York; and the plaintiff was a guest therein from the fourth, to and including the eighth of October.

The plaintiff arrived in New York on the fourth of October from Rio Janeiro; and on that day, before going to the hotel, he delivered a part of the jewelry, etc., in question, to a custom-house officer with a view to paying the duty thereon.

On the seventh of October he paid duty on the watches, jewelry, etc., and received the same from the custom-house officers.

On the morning of the eighth of October, the plaintiff had the aforesaid watches and jewelry and other valuables in a box wrapped in oilcloth and tied with a cord, constituting a package sixteen inches long, ten inches wide, and about seven inches high. He presented the same to the clerk or book-keeper of the defendant, at the office of the hotel, and requested him to place the same in the safe for valuables, which was in the office ; the book-keeper then told him there was no necessity for that, and directed him to take the package to his, plaintiff's room, saying it would be just as safe there. Thereupon the plaintiff took the package to his room, placed it in his trunk, which he locked, and then locked his room, and delivered the key of his room to the clerk in the office, and left the hotel to attend to some business in the city.

When the plaintiff offered the package to and requested the book-keeper to place it in the safe, the book-keeper made no inquiry as to the contents of the package, nor did the plaintiff make any statement as to such contents.

The plaintiff resided at Syracuse, and intended to leave for that city on the afternoon of October eighth. He returned to the hotel about one o'clock in the afternoon, and went to his room and packed and locked his trunk containing said package, which was then safe. He then locked the door of his room and delivered the key to the book-keeper, at the office, and stated to him that he intended to leave for Syracuse by the first train, and ordered his trunk to be brought down immediately, his bill to be made out, and that he would return in a few minutes and pay it.

The plaintiff then went into an eating saloon in the basement of the hotel. In a few minutes he returned to the office, paid his bill and inquired for his trunk, and learned that it had not been brought from his room.

The plaintiff then went with a porter of the hotel to his room for his trunk, and upon unlocking the door of the room

it was found that the room had been entered, the trunk broken open, and the watches, jewelry, etc., stolen.

The defendant kept a safe in the office for the deposit of jewelry, valuables, etc. This the defendant knew prior to the eighth of October. The rules and regulations and notice required by chapter 421, Laws of 1855, were hung up in the room occupied by plaintiff.

The value of the articles stolen was $1,856; and for this amount, with interest, judgment was ordered.

*F. Kernan*, for appellant. The referee's findings of fact are conclusive. (Code, § 268; *Marco* v. *L. and L. Ins. Co.*, 35 N. Y., 664; *Fellows* v. *Northrup*, 39 N. Y., 117; *Mason* v. *Lord*, 40 N. Y., 477; *Putnam* v. *Hubbell*, 42 N. Y., 106, 113.) Such other facts as the evidence tended to prove, will be assumed to sustain the referee's conclusions of law. (*Chubbuck* v. *Vernam*, 42 N. Y., 432; *Grant* v. *Morse*, 22 N. Y., 323-325; *Carman* v. *Pultz*, 21 N. Y., 547.) On the facts found defendant was liable. (2 Kent's Commentaries, p. 593, 1st ed., p. 785, 11th ed; Story on Bailments, § 470, etc.; *Hulett* v. *Swift*, 33 N. Y., p. 571; *Piper* v. *Manny*, 21 Wend., 282; *Grinnell* v. *Cook*, 3 Hill, 485; *Clute* v. *Wiggins*, 14 J. R,, 174; *Wilkins* v. *Earle*, decided by Commission of Appeals, January Term, 1871, reversing decision of Superior Court, reported 19 Abbott, Pr. R., 190; *Kent* v. *Shuckard*, 2 Barn. & Adolph., 803; 1 Smith's Lead. Cases, 309; Coyle's Case, 8 R., p. 33; *Piper* v. *Manny*, 21 Wend., 282-284; *Purvis* v. *Coleman*, 21 N. Y., 111, 116; *Richmond* v. *Smith*, 8 Barn. & Cress., 9.) The fact that plaintiff did not state contents of package when he presented it to the clerk, does not exonerate defendant. (2 Kent's Commentaries, p. 594, 1st ed.; 787, 11th ed.; Story on Bailment, § 479; *Kellogg* v. *Sweeney*, 1 Lansing, 398; *Wilkins* v. *Earle*, 19 Abbott, Prac. R., dissenting opinion and cases cited, p. 203, 205, 207, and cases cited; *Fowler* v. *Dorlon*, 24 Barb., 384, 389; *Keegan* v. *H. & R. R. Co.*, 8 N. Y., 175.) As the package was safe until packed for departure, defendant was as fully respon-

sible as if package had been deposited in safe. *Stanton* v. *Leland*, 4 E. D. Smith, 88, 92.)

*S. P. Nash*, for respondent. The act of 1855 has reference only to "money, jewels, and ornaments." (*Hyatt* v. *Taylor*, 42 N. Y., 258.) The guest should, therefore disclose, that package offered for deposit contains these articles. (*Gibbon* v. *Paynter*, 4 Burr., 2298; *Pardee* v. *Drew*, 25 Wend., 459; *Richards* v. *Westcott*, 2 Bos., 589; *Warner* v. *W. S. Co.*, 5 Robt., 490; *Purvis* v. *Coleman*, 21 N. Y., 111.)

By the Court — PECKHAM, J. The statute provides, that if a "guest shall neglect to deposit such money, jewels, or ornaments in such safes (the safe required to be kept by the hotel keeper), the proprietor of such hotel shall not be liable for any loss of such money, jewels, or ornaments, sustained by such guest, by theft or otherwise." (Laws of 1855, p. 774.)

The first question that arises here is, did the plaintiff neglect to deposit his money, jewels and ornaments, in the safe which he knew the defendant kept for that purpose?

The referee has found (and not without evidence) that the plaintiff, in the forenoon of the day he left the hotel, "presented to defendant's book-keeper a package sixteen inches long, ten inches wide, and seven inches high, wrapped in an oil cloth, and tied up with a strong cord, and requested him to put said package in the safe; that the book-keeper told plaintiff there was no necessity for that; to take it to his (plaintiff's) room; saying it would be just as safe there."

This package contained the jewels and ornaments sued for; but the plaintiff did not state its contents, nor did the book-keeper inquire what it contained.

I think this was a "neglect to deposit," within the meaning of the statute. The book-keeper did not know that money, jewelry or ornaments had been offered him. Hence, he did not refuse to receive them. Suppose this package had been of the size of an ordinary trunk; would the clerk have been compelled to receive it? Clearly not; because, first, there

was nothing to notify him that it contained money, etc.; second, so large a package was not within the meaning of the statute; no safe would probably have apartments to receive it. There was nothing about this package to indicate that it was not appropriately sent to the room of the guest. The defendant should not be held to the responsibility of refusing to receive money, jewels, etc., unless he did it knowingly. It is not so found, nor is there any evidence to prove such a fact.

The burden rests with the guest to make this deposit. He neither made nor offered to make it, within the meaning of the statute.

Simply offering a package of this size, without disclosing its contents, is not offering to deposit money, jewels, or ornaments.

Had the clerk been made aware of the contents of the package, and had then directed it to be taken to the plaintiff's room, he would have waived the protection of the statute.

It is also insisted that, after this jewelry, etc., was packed, and notice given to the clerk to bring the trunk down immediately, with the intent to leave the hotel, defendant is liable for any loss thereof, thereafter occurring in the hotel, whether the jewelry had been deposited in the safe or not.

The statute is very broad in its language, that, "if such guest shall neglect to deposit, etc., the proprietor shall not be liable for any loss of such money, etc., sustained by such guest, by theft or otherwise."

This was evidently aimed at losses that should occur by such neglect. It could have no reference to losses at the inn, occurring before the guest had the opportunity to make such deposit, or after he had packed his trunk, locked his room, and given notice for immediate departure, etc., delivered up the key of his room to the clerk, to have his trunk brought down. (*Stanton* v. *Leland*, 4 E. D. Smith, 88.)

Had the valuables been in the custody of the clerk in the safe, they must have been delivered to the guest to be packed prior to his departure, and if lost thereafter without the fault of the guest, the landlord would be liable.

The liability of the landlord is discharged, so far as the remedy is applied; so far as the peril is removed. It should not extend, and was never designed to extend, any further.

It may be remarked, that a considerable portion of the property recovered for, was neither money, jewels, or ornaments, and hence, the landlord was not exempt from liability for the loss thereof, under this statute. It was neither within the statute or the notices posted in the hotel.

In the view taken of this case, the exceptions taken to the exclusion of evidence become immaterial.

*Purvis* v. *Coleman* (21 N. Y., 111), has no application to this case.

The order for a new trial is reversed, and the judgment upon the report of the referee is affirmed, with costs.

All concur, except ANDREWS, J., not voting.

Judgment accordingly.