(69 Misc. Rep. 550.)

PEOPLE ex rel. ISAACSON v. FALLON, Warden of City Prison.

(Supreme Court, Trial Term, Kings County. March, 1910.)

FORGERY (§ 18*)—"FORGERY IN THIRD DEGREE"—OMISSION OF MERCHANT TO MAKE ENTRIES IN BOOKS.

 The omission of a merchant to enter in his account books a sale of merchandise, though in failing circumstances and shortly before being adjudicated a bankrupt in involuntary proceedings, and though the sale was for less than the goods cost him, does not constitute forgery in the third degree, within Penal Law (Consol. Laws, c. 40) § 889, making it such crime for one, with intent to defraud or conceal any larceny or misappropriation, willfully to omit to make true entry of any material particular in any book of accounts kept by him or under his direction; it being essential that such person be burdened with the duty of keeping such book of accounts, or be one under whose direction it shall be done, and merchants not being required by law to keep books of account.

 [Ed. Note.—For other cases, see Forgery, Cent. Dig. § 55; Dec. Dig. § 18.*

 For other definitions, see Words and Phrases, vol. 3, pp. 2909, 2910.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Habeas corpus by the People, on the relation of Samuel D. Isaacson, against John J. Fallon, as Warden of the City Prison. Relator discharged.

Order affirmed 126 N. Y. Supp. 1142. See, also, 127 N. Y. Supp. 1138.

Harry E. Lewis, for relator.

Frederick B. Bailey, Asst. Dist. Atty., for defendant.

MADDOX, J. While the keeping of accounts in some form, whether in books or by aid of memoranda, may now be deemed a universal custom in the usual course of business affairs, I know of no law which requires tradesmen and merchants in mercantile business to keep books of account, nor do I know of any provision making the failure on the part of such a tradesman or merchant to keep books of account of his business affairs a crime, and counsel has not called attention to any such law.

The relator, carrying on a mercantile business and keeping and directing the keeping of books of account, omitted to make any entry whatsoever in said books of a sale made by him in the course of that business, and because of that failure he is charged with having committed the crime of forgery in the third degree, as defined by section 515, subd. 3, of the former Penal Code, now included in section 889 of the Penal Law (Consol. Laws, c. 40).

Concisely stated, it is charged that, while in failing circumstances financially and shortly before being adjudicated a bankrupt in involuntary proceedings, relator made sale, from his stock then on hand, of certain merchandise for less than the cost thereof to him and at a greater rate of discount than had been allowed him; that within a week thereafter he received payment therefor by check, which he indorsed and delivered to a lady to whom he was then engaged to be married; and that he failed to make true entry of such sale, or of any material particular thereof, in his books of account, all with the intent to defraud his creditors. There is no suggestion of concealment, of larceny, or of misappropriation here.

That it was a dishonest transaction, one with intent to defraud his creditors, may well be asserted and conceded; but was it a crime under the provisions of the section before referred to? Was it a forgery as there defined? It will be seen that there was no alteration of any writing, no counterfeiting, and no false or incomplete entry made, but, as said before, an omission, willful in my opinion, to make any entry of the sale whatever.

In so far as is applicable here, subdivision 3 of section 515 of the Penal Code must be read with especial regard to and in connection with the language of subdivision 1, referring to the account or book of accounts which may be subject of such forgery, in determining whether they include the accounts and books of the person charged with the act of omission; and that section reads as follows:

"A person who, with intent to defraud * * * willfully omits to make true entry of any material particular in any account or book of accounts, made, written, or kept by him or under his direction," belonging to, or appertaining to the business of, a corporation, association, public office or officer, partnership, or individual, "is guilty of forgery in the third degree."

The provisions of that section presuppose the keeping of an account or books of accounts, and that the same are "made, written, or kept by or under" the direction of the person accused of such omission; but the section casts no burden upon any person to keep any account or book of accounts. The entry required is that "of any material particular"; that is, of consequence, of importance. To be a "true entry of any material particular," it must include all, it must be a complete entry of all the material particulars, and it must be that which is material to some one and for some purpose. This section makes the omission, the failure, to make such entry, if with intent to defraud or to conceal a larceny or misappropriation, the crime; and the omission of true entry, as we have seen, must be in the account or book of accounts made, written, or kept by or under the direction of the person accused, belonging to, or appertaining to the business of, a corporation, association, public office or officer, partnership, or individual; and the materiality of the particulars so to be entered is to that business and an account therein, also to those carrying on such business and for whose benefit and in whose interest such account is kept and may be evidence.

Again, the omission to make true entry must be in the account or book of accounts belonging to, or appertaining to the business of, a corporation, association, public office or officer, partnership, or individual. To paraphrase the section in part, but without violence to its language or expressed intention, may be useful and illustrative in this discussion. It is, if a person, with intent to defraud or to conceal any larceny or misappropriation of money or property, willfully omits to make true entry of a material particular in the account or book of accounts belonging to, or appertaining to the business of, an individual, which account or book is made, written, or kept by him or under his direction, he is guilty of forgery. Can it be possible that the Legislature intended that the *person* so offending the provisions of that section by failing to make true entry could be the *individual* whose account or books of accounts are wanting in verity because of such omission? I think not, but such is the contention of the prosecution here.

Relator was dealing with his own books, his own property, and, if he had destroyed them, could he have been charged with forgery under the first subdivision of that section? What duty did he owe to those dealing with him, either as debtor or creditor, with regard to the keeping of his books of account? Indeed, he was under no obligation or duty to them to keep accounts or books of accounts. The person chargeable with such omission must of necessity be one burdened with the duty of making, writing, or keeping such account or book of accounts, or under whose direction the same shall be done. This, in my opinion, contemplates, so far as relates to the business of an individual, an employé, a bookkeeper, or a clerk—one who owes a positive and legal duty to the employer to keep correct and true items of account. Who else could it refer to, in event of a larceny or misappropriation of money or property and the concealment thereof by reason of a total failure to make any entry? Such was the case pre-

sented in People v. Curtis, 118 App. Div. 259, 103 N. Y. Supp. 395, where the accused, a clerk, was charged with having omitted to make an entry in the books of his employer of the receipts by him, in the course of his employment, of a check for $50 for his employer.

And so in the case of a corporation or association, where the act of omission must be that of a person burdened with such a duty, as, for instance, an officer or employé charged with the keeping of such accounts or book, or under whose direction the same are kept. Likewise, with regard to a partnership, where each partner owes a like duty to the other in regard to the keeping of true items of account, provided accounts or books of accounts are kept by the firm. With regard to a public officer, or those employed in a public office, there can be no doubt as to the duty cast, that to make true entries.

In State v. Young, 46 N. H. 266, 88 Am. Dec. 212, the defendant was indicted for forgery in having made a false charge in his book of accounts, and the court held that in that alone there was no forgery. In Barnum v. State, 15 Ohio, 717, 45 Am. Dec. 601, an account entered by a tradesman in his books was settled and stated, both debtor and creditor signing their names thereto. The tradesman afterward altered the date of such settlement by changing the figure "1" to "4," so that it then read "1844," instead of "1841," and the court, of course, held that that was forgery.

Counsel have not cited, and I have been unable to find, any case, except that against Curtis, supra, founded upon the section under consideration and based upon an omission to make true entry as provided in subdivision 3. Therefore it seems to me that it is not within the fair contemplation of the section that the person accused and the individual whose account or book accounts are wanting in verity because of such omission shall be the one and the same personality.

It is unnecessary to consider the other questions presented by counsel in their briefs, since my conclusion is that the facts charged against the relator and relied upon by the prosecution do not constitute the crime of forgery.

Relator discharged.