FERRIS F. HYATT, Appellant, *v.* NOAH D. TAYLOR and JOHN TAYLOR, Respondents.

An innkeeper, who provides a safe for the reception of money, jewels or ornaments, and posts up in the room of his guest a notice that they may be deposited in the safe, pursuant to a statute declaring that he shall not be liable for any loss thereof, in case the guest neglects to so deposit them, is not liable for the loss of *any* money, jewels or ornaments not deposited in the safe.

The protection to innkeepers, given by the statute, is not limited to money or valuables in excess of what the guest may reasonably require for his traveling expenses or personal convenience, but embraces all "money jewels or ornaments" which the guest brings with him, without reference to the amount or value.

(Cause submitted January 16, 1869; decided March 23d, 1869.)

APPEAL from an order of the General Term of the Supreme Court, in the sixth district, reversing judgment below for the plaintiff.

This action was brought to recover for the loss of moneys, coupons, two gold studs and two gold pens, alleged to have been stolen from the plaintiff's room, while he was a guest in the inn of the defendants at Jersey City, in the State of New Jersey.

It was claimed, by way of defence, and proved on the trial, that a safe had been provided in the house for the deposit of money and valuables, notice whereof was duly given by putting up printed cards in the rooms of guests, and the defendants relied upon an act of the legislature of the State of New Jersey, entitled "an act for the better protection of hotel, inn and boarding housekeepers," passed April 6, 1865, the third section of which is as follows: "And be it enacted, that whenever the proprietor or proprietors of any hotel, inn or boarding-house shall provide a safe in the office of such hotel, inn or boarding-house, or other convenient place, for the safe keeping of any money, jewels or ornaments belonging to the guests or boarders thereof, by posting a notice, stating the fact that such safe is provided, in which such money, jewels

or ornaments may be deposited, in the room or rooms occupied by such guest or boarder, in a conspicuous manner; and if such guest or boarder shall neglect to deposit such money, jewels or ornaments in such safe, the proprietor or proprietors of such hotel, inn or boarding-house shall not be liable for any loss of such money, jewels or ornaments sustained by such guest or boarder by theft or otherwise."

The action was tried at the Tioga Circuit, before Justice BALCOM and a jury. The jury were instructed that the statute did not exempt the defendants from liability for such an amount of the plaintiff's money as a prudent person when traveling would omit to put into a hotel safe, if convenient, upon retiring at night, and it was left to them to say as to how much, if any, of the plaintiff's money it should apply. The defendants duly excepted.

The jury rendered a verdict for the plaintiff for $190, and the exceptions were ordered to be heard in the first instance at General Term, where a new trial was granted.

The plaintiff appeals to this court, giving the usual stipulation.

The case at General Term is reported in.51 Barbour, 632.

*James W. Culver*, for the appellant, cited *Taylor* v. *Monnot* (4 Duer, 119); *Hawkins* v. *Hoffman* (6 Hill, 586); *Van Wyck* v. *Howard* (12 How. Pr. R., 147); *Orange County Bank* v. *Brown* (9 Wend., 85); *Duffy* v. *Thompson* (4 E. D. Smith, 178); *Furman* v. *New York* (5 Sand., 16); *Tennele* v. *Hall* (4 Comst., 140); 8 Lond. Jur., 795; Sedg. on Stat. and Const. Law, 231; *Young* v. *Dake* (1 Seld., 463); 4 Kent's Com., 511, 514; *Donaldson* v. *Wood* (22 Wend., 395); 2 Cow., 419; 16 Pet., 367; *People* v. *Lambier* (5 Den., 9); Dwarr. on State, 552, 557, 562, 690; *Pillow* v. *Bushnell* (5 Barb., 156); *Leavitt* v. *Blatchford* (5 Barb., 9); *People* v. *New York Central Railroad Company* (13 N. Y., 78); Plowd., 205; Bac. Abr. Title Stat. 1, p. 5; Sir Wm. Jones, 105.; *Watervliet Turnpike Company* v. *McKeon* (6 Hill, 616); 1 Kent's Com., 514.

*George Sydney Camp*, for the respondents, cited, on the points discussed in the opinion, *Danrey* v. *Richardson* (25 Eng. and L. Eq., 85); Jones on Bail., 98; *Purvis* v. *Coleman* (21 N. Y., 114); *Bendelson* v. *French* (44 Barb., 37); *Tower* v. *U. & S. Railroad Company* (7 Hill, 47); 2 Duer, 335; *Burgess* v. *Clements* (4 M. & S., 306; 33 N. Y., 572, 3; 20 Wend., 561, 2; 10 Eliz. Dyer, 266; Calye's case, 8 Rep., 32; 1 Daly, 496; Story on Bail., § 497; *Richmond* v. *Smith* (8 Barn & Cress., 9); *Wilson* v. *Halpin* (30 How., 124); *Piper* v. *Manning* (21 Wend., 284, 5).

Woodruff, J.   I concur fully in the opinion expressed by Mr. Justice Murray, in the General Term of the Supreme Court, upon the construction or rather the plain meaning and legal effect of the statute of New Jersey, relied upon as a defence to this action.

Neither the rules of the common law touching the responsibility of innkeepers, nor the principles governing the interpretation of statutes are in any doubt.

By the rules of the common law, the defendants, upon the facts which must be deemed found by the jury, were clearly liable to the plaintiff for the value of the property lost, if they received him as a guest at their inn.

Statutes which are plain and explicit are not to be qualified by construction on the mere ground that the court deem the legislation unwise or indiscreet, nor because, if effect be given thereto, according to their plain expression, one class affected thereby may be subjected to inconvenience to secure protection and immunity to another.

Still less can the court create a distinct exception which the language of the statute forbids, and which no necessity demands.

The legislature is the sole judge of the question of discretion; whether it is wise or reasonable to modify the common law responsibility of innkeepers by permitting them to take into their actual custody in their place of safe deposit, all money, jewelry and ornaments, for the safety of which the

guests desire to hold them liable, rests purely upon the legis-
lative estimate of what public policy and a regard for their
protection against the contingencies of loss requires.

So also the question whether possible temporary incon-
venience to guests should outweigh the reasonable right of
the innkeeper to guard property of this description, that he
may, in that respect, be safe in his business, is purely for the
legislature.

Such considerations, though they very properly aid in the
interpretation of a statute expressed in terms of possible
double meaning, or of ambiguous import, or uncertain in the
designation of the subjects to which they apply, have no
influence in determining the legal effect of a statute free from
any such obscurity.

However truly it has been said that the intent of the legis
lature is to govern the interpretation of a statute rather than
the letter, the observation is of very limited application,
when there is nothing in the statute itself indicating any
intent other or less extensive than the unequivocal language
imports.    And if there be any case in which such unequivo-
cal language may be restrained in its effect, lest some con-
stitutional right or some controlling necessity be disregarded,
and which the legislature cannot be supposed to have con-
templated, this case furnishes no such example nor analogy.

If the legislature of New Jersey intended to relieve inn-
keepers from responsibility for the loss of *any* money or
jewels or ornaments, in what words was it possible more
clearly to express that intention?   I find it difficult to put the
question without employing the very words which they used.

Suppose they had added the words " without any excep-
tion."   It would have been mere tautology—"*for any money*
without any exception,"—not the slightest force is added to
the sentence, unless repetition adds significance.

In truth, what is claimed to be " construction " of this
statute is the addition of a substantive provision, when noth-
ing whatever in the statute itself or its avowed purpose calls.
for it.   And it proceeds wholly upon a presumed intent,

derived not from the provisions of the act, not from any necessity in the nature of the transactions regulated, not from the existence of any inherent or constitutional right otherwise violated by it. The presumption is derived solely from the alleged inconvenience of requiring the guest to conform to the requirement.

Much has been loosely said of the duty of courts to give an equitable construction to statutes according to their " spirit," but there is no sufficient warrant for an appeal from legislative to judicial discretion on such mere ground of convenience. Who shall say that the convenience as well as the protection of the innkeeper was not deemed by the legislature as *important as the temporary convenience of his guest?* Who shall say that the evil which the legislature intended to guard against, was simply the danger that the innkeeper might be subjected to a loss of more money, or more jewelry, or more ornaments than the convenience of his guest reasonably required?

If the legislature intended to except from " any money " some part of the money of the guest, it was easy, nay, it was most natural to say it. Not only so, it is not true as the general rule, that guests at inns, hotels, or at boarding-houses bring with them or keep with them money, jewels or ornaments in excess of what they deem their convenience requires. If the legislature designed to provide, and only to provide for the exceptions to this rule, it was easy so to declare.

And when it is asked, could the legislature have intended that, on entering a hotel, the guest should strip himself of all money, jewels and ornaments or be without protection ? it may be answered, the guest walks the streets, he visits places of public resort or amusement, or the places to which business calls him, and he enters his own abode, and he takes with him to each, without any especial guaranty of safety, so much money and so many jewels and ornaments as he sees fit, and the hardship is not great, if his entrance or his stay at a hotel places him in no worse condition. If it be said that in all other places he acts voluntarily and uses the means he deems

proper for his own protection, it may be added that when he enters a hotel, the landlord is still bound by the statute to assume his protection and bear his risks. He is, therefore, not only in no worse condition than while without its doors or within his own home, but better, much better; he may, if he choose, require the landlord to keep this hazardous property for him.

If other persons in their own homes and elsewhere have power in their discretion to provide all requisite security against loss by theft or otherwise, is it plainly unreasonable to permit keepers of inns, hotels and boarding-houses, to provide like security against such loss of the property with the safe-keeping of which they may be charged?

No rule of public policy, no necessity, no violation of right, no evidence of intent derivable from the terms of the statute or from its design, permits in this case a restriction of its plain and explicit language.

I think the order appealed from must be affirmed.

All the judges concurring. Order of the General Term affirmed and judgment absolute for the defendant.

NOTE.—This case was not reported in its order last year, it having been passed over by the reporter as a construction of a New Jersey statute, and the fact that that statute was identical with our own and, therefore the case, practically quite important, having escaped his attention, until within a few months.

The case is erroneously placed under the head of "judgments reversed" in the list of "unreported cases" of the year 1869, found in 2 Hand, p. 619, REP

END OF CASES OF MARCH TERM.