JOHN D. RAMALEY, Respondent, *v.* CHARLES LELAND and others, Appellants.

At common-law, innkeepers are insurers of the property of their guests.

Under our statutes (Laws of 1855, chap. 42), innkeepers who have provided a safe, and posted notices of the fact in accordance with the act, are exonerated from liability for " money, jewels, and ornaments," of a guest not deposited in the safe.

But the exemption is limited to the particular species of property named, and being in derogation of the common-law, cannot be extended in its application by doubtful construction.

*Held*, accordingly, that the watch of a guest at an inn, worn and used by him in the ordinary manner, is neither a "jewel or ornament" within the meaning of the act, and that the innkeeper is liable for the loss thereof in the room of the guest, notwithstanding his compliance with the act of 1855.

(Argued January 30th; and decided February 7th, 1871.)

Appeal from the New York Superior Court. The plaintiff brought his action in the Superior Court of the city of New York, against the defendants, as innkeepers, to recover the value of property lost by him while a guest at their inn.

The plaintiff, in April, 1867, became a guest at the inn kept by the defendants in the city of New York, the "Metropolitan Hotel," and, on retiring to his room for the night, as he says, and the jury have found, locked the door of his room, and placed his watch and money under his pillow, both of which were stolen during the night. The money was fifty dollars. The watch and appurtenances were worth about $350.

The action was tried by a jury, and on the trial the defendants offered evidence to prove that a notice that a safe was provided in the office of the hotel for the safe-keeping of money, jewels and ornaments, as required by the act to regulate the liability of hotel-keepers, was posted in a conspicuous manner in the room occupied by the plaintiff, and upon objection by the plaintiffs the evidence was excluded, and the defendants excepted.

The question of negligence on the part of the plaintiff and the defendants respectively as connected with the loss, was submitted to the jury, who found a verdict for the plaintiff; and the judgment upon that verdict having been affirmed by the court at General Term, the defendants have appealed to this court.

*J. Fitch*, for the appellants.

*J. N.* and *J. A. Balestier*, for the respondent.

ALLEN, J.   The plaintiff's claim was for the value of a gold watch, with the chain, seal and key attached, found to be worth $353, and fifty dollars in money, stolen from his room, at the defendants' hotel, during the night of April 9, 1867, and the recovery was for the money as well as the watch.   The defendants were exonerated from liability for the money, if they had provided a safe in the office of the hotel for the safe keeping of money, jewels and ornaments, and a notice stating the fact was conspicuously posted in the room occupied by the plaintiff.   (Laws of 1855, chap. 421; *Hyatt* v. *Taylor*, 42 N. Y., 258.)   The judge, therefore, erred in the exclusion of the evidence offered, to prove the fact that the notice prescribed by the act was posted as required.

Proof was given that a safe had been provided, and was then in the office, for the safe keeping of the property of guests.   If the evidence offered and rejected had been admitted, there could have been no recovery for the money.   The defendants were liable for the other property, under the rule of the common-law, making innkeepers the absolute insurers of the property of guests.   (*Hulett* v. *Swift*, 33 N. Y., 571.)

The statute permits a proprietor of a hotel to relieve himself from his strict common law liability, in respect to certain classes of property, upon compliance with the prescribed conditions.   But the exemption is limited to the particular species of property named, and, being in derogation of the common-law, cannot be extended in its operation and effect by doubtful implication, so as to include property not fairly within the terms of the act.   The rules of the common-law touching the liability of innkeepers, common carriers and the like, have not been relaxed by the courts and are in full force, except as expressly changed by statute, or as they may be modified by special contract.   By statute, the proprietors of hotels may provide a place of safe keeping of " money, jewels or ornaments " belonging to guests, and by so doing, and giving notice as directed they are not liable " for such money, jewels or ornaments," by theft or otherwise.   Certain pro-

perty, particularly valuable in itself, taking but small space compared with its value for its safe keeping, easy of concealment and removal, holding out great temptation to the dishonest, and not necessary to the comfort or convenience of the guest while in his room, is made the subject of the statutory exemption. Property of a different description, including all that which is useful or necessary to the comfort and convenience of the guest, that which is usually carried and worn as a part of the ordinary apparel and outfit, or is ordinarily used, and is convenient for use by travelers as well in as out of their rooms, is left, as before the statute, at the risk of the innkeeper. The words of the statute must be taken in their ordinary sense, in the absence of any indication that they were used, either in a technical sense or a sense other than that in which they are popularly used. A watch is neither a jewel or ornament, as these words are used and understood, either in common parlance or by lexicographers. It is not used or carried as a jewel or ornament, but as a time-piece or chronometer, an article of ordinary wear by most travelers of every class, and of daily and hourly use by all. It is as useful and necessary to the guest in his room as out of it, in the night as the daytime. It is carried for use and convenience and not for ornament. But it is enough that it is neither a jewel or ornament in any sense in which these words have ever been used. The question of negligence, and whether the plaintiff could and did bolt his door, were properly submitted to and passed upon by the jury.

Judgment should be reversed and new trial granted, costs to abide event, unless plaintiff within twenty days stipulates to deduct $50.96 from the verdict; in that case judgment affirmed for the residue, without costs to either party in this court.

All the judges concurring, judgment ordered accordingly.