CAROLINE R. ROSENPLAENTER, Respondent, *v.* THEOPHILUS ROESSLE et al., Appellants.

While courts in construing a statute, should, so far as the language will admit, give such a construction thereto as will make it practicable, just and reasonably convenient; yet, if considering the language with the aid of such circumstances as the canons of construction, sanctioned by the law, allow to be consulted, the statute is found to be somewhat impracticable, inconvenient, harsh or unjust, the courts have no alternative but to support and uphold it as they find it.

Under the provisions of the act regulating the liability of hotel keepers (chap. 421, Laws of 1855), which provide that when the proprietor of any hotel provides a safe for money, jewels or ornaments of guests, and shall post a notice stating the fact in the rooms, if the guests shall neglect to deposit, the proprietor shall not be liable for losses, etc.; the statutory exemption applies to *all* money, jewels and ornaments, and applies to every case where the guest has the time and an opportunity to make the deposit; his omission to do so is a neglect within the meaning of the statute, although no carelessness or imprudence is shown.

Plaintiff and her husband arrived at defendant's hotel about 3 P. M. and were given a room; the dinner hour was from 2 to 4 P. M.; they went to dinner, locking their room and leaving her trunk locked therein; they were absent about twenty minutes; during that time the room was unlocked, the trunk broken open and various articles of jewelry worn by plaintiff in ordinary dress, of the value in all of less than $300 were abstracted. The loss was without carelessness or negligence on the part of plaintiff; defendants had provided a safe and posted the notice required by said statute. In an action to recover for the loss, *held*, that the statutory exemption applied to the articles stolen; that plaintiff had sufficient time and opportunity to make the deposit, and although there was no negligence on her part, defendants were not liable.

*Gile* v. *Libby* (36 Barb., 70), stated as overruled; *Bendetson* v. *French* (46 N. Y., 266) distinguished.

*It seems*, that under said act, if a guest on retiring at night, removes a watch or jewelry from his person, or leaves money in his pocket and neglects to deposit the same in the safe, the hotel keeper having complied with the act, is exempted from liability for their loss.

(Argued March 21, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Court of Common Pleas, for the city and county of New York, affirming a judgment entered in favor of plaintiff upon the report of a referee.

This action was brought against the defendants, innkeepers, to recover the value of certain articles stolen from the plaintiff's trunk, in the Delavan House, in the city of Albany, while the plaintiff was a guest at said hotel (the defendants then being proprietors and keepers thereof), under the following circumstances:

On July 28th, 1863, the plaintiff, with her husband, *en route* from Trenton Falls to Saratoga, stopped at Albany, and put up at the Delavan House, where they arrived at about three o'clock in the afternoon. They were immediately shown to a room, to which the plaintiff's trunk was also taken by one of the employes of the hotel. Dinner was then being served, the dinner hours of the hotel at that time being from two to four o'clock. The trunk was opened for the purpose of taking out a collar and sleeves, again shut and locked by the plaintiff's husband, who put the key in his pocket. The plaintiff and her husband having first locked the door, and taken out the key, which was placed in the pocket of the husband, went to the dining-room, on the same floor to get their dinner, before the dining-room should be closed. They were at dinner about twenty minutes, and returned directly from the dining-hall to their own room. On reaching their room the door was found to have been unlocked in their absence, the trunk broken open, the nails which attached the lock to the trunk having been cut, and the lock part detached from the trunk and hanging to the lock. The articles described in the complaint, consisting of plain bracelets, studs, hair pins, sleeve buttons, etc., being such articles as the plain-

tiff wore in ordinary dress, and was in the habit of wearing in change with different dresses, of the value in all of less than three hundred dollars, had been abstracted and were missing. These articles had been placed in a drawer in the back of the trunk, by plaintiff, at Trenton Falls, the trunk was then locked up, and not opened again till its arrival at the Delavan House, when the lock was in perfect order. A search was instituted, which resulted in the finding by a detective, in one of the servant's rooms, an iron instrument which fitted in the place between the lock and trunk. The articles abstracted were never recovered.

The referee found as matter of fact, that the said loss occurred without any carelessness or negligence on the part of the said plaintiff, and as a conclusion of law held defendants liable. Other facts appear sufficiently in the following opinion.

*Dewitt C. Brown* for the appellants. If a hotel keeper has complied with the provisions of the innkeeper's act of 1855, he is exempted from liability for any and all loss of money, jewels and ornaments, without regard to negligence on the part of his guest. (Smith's Ldg. Cases, 311, and cases cited; *Hyatt* v. *Taylor*, 42 N. Y., 258.)

*Jos. Larocque* for the respondent. An innkeeper at common law is liable for all property of his guest brought beneath his roof unless lost by the negligence or fraud of his guest, or destroyed by act of God or the public enemy. (*Hulett* v. *Smith*, 33 N. Y., 571, and cases cited.) Unless the guest has been guilty of negligence in complying with the innkeeper's act of 1855, the innkeeper's common-law liability remains. (Laws 1855, 774; *Bendetson* v. *French*, 46 N. Y., 266.)

Earl, C. The articles stolen from the plaintiff's trunk consisted of jewelry and ornaments, which she had with her for use at places of summer resort, which she seems to have been engaged in visiting. She was a guest at defendants'

hotel, and it is not disputed that· by the common law they were liable for the loss of them. But they claim exemption from liability by virtue of chapter 421 of the Laws of 1855, an act to regulate the liability of hotel keepers, they having provided a safe and posted the notice required by the act. The sole question for us to determine is, whether under the circumstances of this case this act gives the defendants the protection claimed.

Courts in construing a statute must seek for the intention of the law-makers, and they must seek for it in the language used. They must consider all parts of the statute, and so far as possible give force and effect to all the language used, and so far as the language will permit, they should give such a construction as will make the statute practicable, just and reasonably convenient. But if, after the language has been attentively considered with the aid of such circumstancés as the canons of construction, sanctioned by the law, allow to be consulted, the statute is found to be somewhat impracticable, inconvenient, harsh or unjust, the courts have no alternative but·to enforce and uphold it as they find it, and leave it to the legislature to remedy the mischief by amendment or repeal.

This statute provides that if any hotel keeper shall provide a safe for keeping any money, jewels or ornaments belonging to his guests, and shall notify them by posting a notice in·the rooms occupied by them, and if such guests shall neglect to deposit their money, jewels or ornaments, in such safe, the hotel keeper shall not·be liable for any loss of such money, jewels or ornaments, sustained by such guest by theft or otherwise.

The referee in this case held the defendants liable, notwithstanding this act, on the authority of the case of *Gile* v. *Libby* (36 Barb., 70), which· decided that the statutory exemption did not apply to *all* money, jewels and ornaments of the guest, but only to such as the hotel keeper himself, if a prudent person, would, if traveling, have put in a safe, if convenient, when retiring at night. It was said in that case to be unreasonable to suppose that the legislature intended

to require the guest when he retired at night to deposit in the safe such reasonable amount of money as he had provided for his expenses, and the jewelry and ornaments which he had with him for ordinary use, and that the statutory exemption did not apply to twenty-five dollars in money, a watch and chain, gold pen and pencil case, which were stolen from the room of the guest in the night. But that case was disapproved in the case of *Hyatt* v. *Taylor* (51 Barb., 632, and 42 N. Y., 258). In this latter case the action was to recover for about $200 stolen from the plaintiff's room in the night-time while he was a guest at defendant's hotel in New Jersey, and the defendant relied for his protection upon a New Jersey statute similar to our own. At the circuit, the judge following the case of *Gile* v. *Libby*, instructed the jury that the defendants were not protected by the statute as to money sufficient for plaintiff's necessary traveling expenses. The jury gave plaintiff a verdict, and the defendant appealed to the General Term, and the instruction was held erroneous and the judgment was reversed, and then the plaintiff appealed to the Court of Appeals and the decision of the General Term was affirmed. The law is thus settled in this State that if a guest, on retiring to bed at night, removes a watch or jewelry from his person, or leaves money in his pocket, and neglects to deposit the same in the safe provided for that purpose, he cannot hold the landlord liable for the loss of the same, provided the notice required by the statute has been posted in his room. However inconvenient or troublesome it may be to make the deposit, it must be made or else the landlord has the protection of the statute.

The reasoning of the learned judges who wrote opinions in that case, both in the Supreme Court and Court of Appeals, is ample to establish the exemption of the defendants from liability in this case. But it is sought by the plaintiff to bring this case within the principle decided in *Bendetson* v. *French* (46 N. Y., 266). In that case plaintiff was a guest at defendant's hotel and was about to leave for his home. He

packed his trunk, placing in it a package of watches and jewelry, locked the door of his room, delivered the key to the hotel clerk, ordered his trunk to be brought down immediately and his bill to be made out, saying that he would return in a few minutes and pay it. He went to lunch and in a few minutes returned to the office, paid his bill, inquired for his trunk and learned that it had not been brought from his room. He then went with the hotel porter to his room and found that it had been entered, his trunk broken open, and his watches and jewelry stolen. It was held that the defendants were liable. Judge PECKHAM, writing the opinion, says: " The statute is very broad in its language, that if such guest shall neglect to deposit, &c., the proprietor shall not be liable for any loss of such money, etc., sustained by such theft or otherwise. This was evidently aimed at losses that should occur by such neglect. It could have no reference to losses at the inn occurring before the guest had the opportunity to make such deposit, or after he had packed his trunk, locked his room, and given notice for immediate departure, etc., delivered up the key of his room to the clerk to have his trunk brought down." That case is clearly distinguishable from this. The guest had surrendered up his room and placed it in the control of the landlord. He asked to have his trunk brought down immediately, and but for the neglect of the hotel clerk to attend to this order at once, the theft could not have been perpetrated. The landlord was just as clearly liable as he would have been if the trunk had been brought down and broken into after it had been taken from the room and before it left the hotel. There was no neglect to make the deposit, because the watches, etc., could not be in the safe when he packed his trunk for his departure. The learned judge who wrote the opinion says justly, that there could be no " neglect to deposit" before there had been an opportunity to deposit. There must be a brief period after the arrival of a guest at a hotel before he can make the deposit, and during this brief period the statute affords the hotel keeper no protection. But in every case where the

guest has an opportunity to make the deposit and does not make it, he neglects to make it within the meaning of the statute. To neglect means to omit, as to neglect business, or payment, or duty, or work, and is generally used in this sense. It does not generally imply carelessness or imprudence, but simply an omission to do or perform some work, duty or act. It is manifestly in this sense that it is used in this statute. To hold that the guest must be guilty of some actual negligence in not making the deposit, would be substantially to nullify the statute. At common law, the negligence of the guest in the care of his goods generally exempts the landlord from liability for their loss. What degree of negligence on the part of the guest in not making the deposit would give the landlord the statutory protection? How long, and for what purposes, may a guest be absent from his room, without making the deposit, and not be chargeable with negligence? Would he be negligent if he retained his watch and jewelry in his room over night? Could he be charged with negligence if he had not seen and did not know of the notice? The question of negligence would have to be submitted to the jury, and the result would be that nearly every case would be disposed of upon the common-law liability. The true rule undoubtedly is as above stated, that it is the duty of the guest to make the deposit whenever he has time and opportunity to do so. This rule may be inconvenient to guests, but the statute was not intended for their benefit. It was manifestly enacted for the protection of the hotel keepers.

In this case the plaintiff arrived with her husband at the hotel at or near three o'clock, and the dinner hour, as advertised, was from two to four o'clock, but practically from two to five. They were in their room nearly an hour before going to dinner. There was abundant opportunity to make the deposit, and nothing to prevent it. It is true that no person, under such circumstances, would be likely to make the deposit. Neither would any guest be likely to do so with the jewelry which he takes from his person upon retir-

ing at night, and yet it has been held that he keeps them in his room at his own risk.

I have, therefore, reached the conclusion that the judgment should be reversed, and new trial granted, costs to abide event.

All concur.

Judgment reversed.