(28 Misc. Rep. 225.)

### WIES v. HOFFMAN HOUSE.

(Supreme Court, Appellate Term. June 28, 1899.)

1. INNKEEPERS—LIABILITY FOR LOSS OF GOODS.
    Where goods of a guest are stolen from his room without fraud or neglect on his part, the innkeeper is liable as an insurer.

2. SAME—EVIDENCE OF DAMAGES.
    In an action by a guest against an innkeeper to recover for personal articles stolen from a room, the cost price of the articles furnishes some evidence of value.

3. SAME—MEASURE OF DAMAGES.
    The measure of the guest's damages is the value of the articles in the market open to him.

Appeal from municipal court, borough of Manhattan, First district.

Action by George A. Wies against the Hoffman House, New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

James E. Gaynor, for appellant.

Alexander R. Gulick and George W. Olvaney, for respondent.

LEVENTRITT, J. This is an action by a guest against an innkeeper to recover damages for loss of property. On December 8,

1898, the plaintiff and his wife registered at the defendant's hotel, and were duly assigned to a room. Their baggage consisted of a steamer trunk and a traveling bag containing toilet articles. During their absence from the hotel, on the following evening, the traveling bag and contents, together with some wearing apparel, were stolen. Prior to their departure, the plaintiff had locked the room, and handed the key to the night clerk. There was no proof of fraud or negligence on the part of either litigant. The plaintiff claimed that the value of the lost property was $310.25, in which sum he prayed judgment. On his proof he was awarded $275, and the defendant appealed.

The common-law rule defining the liability of an innkeeper to his guest for the loss of property given in his custody, as that of an insurer, has been steadily and firmly upheld by our courts, and the latest cases, even as the earlier ones, make him absolutely liable, without proof of any negligence on his part, for all losses occasioned from any cause other than the act of God or the public enemy. Hulett v. Swift, 33 N. Y. 571; Adams v. Steamboat Co., 151 N. Y. 163, 45 N. E. 369; Metzger v. Schnabel, 23 Misc. Rep. 698, 52 N. Y. Supp. 105. It is only the fraud or negligence of the guest that can relieve him of responsibility. Purvis v. Coleman, 21 N. Y. 111; Fowler v. Dorlon, 24 Barb. 384; Hyatt v. Taylor, 42 N. Y. 258. The statutory provisions exempting the innkeeper from liability for the loss of money, jewels, or ornaments, where he provides a safe for their keeping, and posts the requisite notice in conspicuous places on the premises (Laws 1855, c. 421; Laws 1897, c. 305), are to be construed, not so much as limiting or modifying his liability as insurer, but as making the guest chargeable with negligence if he omits to avail himself of the means of protection afforded. The innkeeper is still strictly an insurer, but a failure by the guest to comply with the statute on his part will be such negligence as will defeat the enforcement of liability.

In the case at bar, the fact of the loss was not disputed, and, as there was no suggestion of fraud or negligence, the only question remaining for our consideration is whether there was sufficient proof of the value of the property lost to support the recovery. The stolen items comprised a suit of clothes, valued at $60; a pig-skin traveling bag, containing a silver mounted toilet set, valued at $165; and other silver articles, valued at $85.25. The defendant moved for the dismissal of the complaint, on the ground that the evidence introduced to establish value was insufficient, because it was limited to the cost price. The motion was properly denied. While the evidence of purchase price, standing alone, may be inadequate to establish the value of the property at the time of its loss (O'Neill v. Patterson, 26 Misc. Rep. 3, 55 N. Y. Supp. 617; Hoffman v. Hand, 26 Misc. Rep. 370, 55 N. Y. Supp. 955), it is a well-settled rule that cost price furnishes some evidence of value (Campbell v. Woodworth, 20 N. Y. 499; Wells v. Kelsey, 37 N. Y. 143; Hoffman v. Conner, 76 N. Y. 121; Hawver v. Bell, 141 N. Y. 140, 36 N. E. 6). The proper measure of damage is the market value of the goods (Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032; Markoe v. Tiffany & Co., 26 App. Div. 95, 49 N. Y. 751); that is, the value of the goods in the market open

to the party sustaining the loss. The rule contemplates compensation sufficient to replace the goods, and cost price, therefore, frequently constitutes one step towards the proof of market value.

In the case at bar the plaintiff introduced testimony to establish the identity of cost price with market value. After he and his wife had testified as to the price paid for each article, and the condition of each when stolen, the salesman in the employ of the Gorham Manufacturing Company, from whom the bag and silver articles had been bought, swore that the market for that class of goods had remained stable; that such wares did not generally depreciate within the period of time that they had been in plaintiff's possession; and that from their described condition they were, at the time of trial, worth the purchase price. On the question of the value of the clothes, the plaintiff's testimony was substantiated by statements of the tailor who had made the garments. He had seen the suit shortly prior to its disappearance, and he testified positively as to its value at that time.

On the whole case, the court would have been justified in granting a recovery for the full amount claimed. Sitting as a trior of the facts, it estimated the market value on the evidence adduced at $275, thus making ample allowance for depreciation by wear and tear. We should not interfere with that proper disposition of the cause.

Judgment affirmed, with costs to the respondent. All concur.