### JONES v. HOTEL LATHAM CO.

(Supreme Court, Appellate Term. April 8, 1909.)

1. INNKEEPERS (§ 2*)—STATUTES MODIFYING LIABILITY—STRICT CONSTRUCTION.

A statute modifying the common-law liability of an innkeeper will be strictly construed.

[Ed. Note.—For other cases, see Innkeepers, Dec. Dig. § 2.*]

2. INNKEEPERS (§ 11*)—LOSS OF PROPERTY OF GUEST—"JEWEL"—"ORNAMENT."

A watch, chain, purse, or rosary, being each an article of use, and not worn for ornament, is not a "jewel" or "ornament," within the statute relieving an innkeeper from liability for loss of money, jewels, or ornaments, where he provides a safe, posts notice thereof, and the guest neglects to deposit the same in the safe.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. § 25; Dec. Dig. § 11.*

For other definitions, see Words and Phrases, vol. 4, pp. 3811, 3812; vol. 8, p. 7694; vol. 6, pp. 5065, 5066; vol. 8, p. 7740.]

---

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Nellie Jones against the Hôtel Latham Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Lindsay, Kalish & Palmer (H. J. Conant, of counsel), for appellant.
Kaulfuss & Callahan (Arthur E. Kaulfuss, of counsel), for respondent.

LEHMAN, J. The complaint sets forth that, without negligence on the part of the plaintiff, a watch, chain, rosary, and purse owned by her, of the value of $420, were stolen from the room occupied by her in the defendant's hotel. These allegations are denied. The allegation of the complaint that the plaintiff, at the time in question, was a guest of the hotel, was admitted; and no denial was made of the allegation that the defendant was the keeper of a common inn. The answer set up: (1) The providing of a safe for keeping such articles as were described, and the posting of a notice thereof, of which the plaintiff had notice; (2) that no special agreement was made for the safe-keeping of these articles; (3) that whatever property the plaintiff lost was lost solely by reason of her negligence without negligence on defendant's part.

At common law the innkeeper was liable as an insurer of the safety of his guest's property, unless its loss occurred through the negligence of the guest. The statute modifying the common-law liability must be strictly construed. This court has carefully considered the statute in the case of Briggs v. Todd, 28 Misc. Rep. 208, 59 N. Y. Supp. 23, recently cited in Waters v. Gerard, 189 N. Y. 302, 82 N. E. 143, 121 Am. St. Rep. 886. In accordance with the construction placed upon the statute in that case, the innkeeper's liability has been modified only as to "money, jewels, or ornaments," and a watch is not a jewel or ornament within its meaning. By analogy, a chain, a purse, and a rosary, being all articles of use, and not worn for ornament, are also not within the statute, since the court did not find that plaintiff's testimony showed that the loss was due to her negligence, but in dismissing the complaint stated:

"You must prove circumstances from which you can predicate negligence. She says she noticed a card which set forth that the hotel provided a safe for safe-keeping."

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.