## HAGERSTROM et al. v. BRAINARD HOTEL CORPORATION.

### No. 3.

Circuit Court of Appeals, Second Circuit.

Nov. 3, 1930.

McGowan & Stolz, of Syracuse, N. Y. (L. J. Olmsted, of Syracuse, N. Y., Jonas J. Shapiro and Herbert A. Wolff, both of New York City, and A. Lee Olmsted, of Syracuse, N. Y., of counsel), for appellants.

Albert C. Coon, of Syracuse, N. Y. (Jesse E. Kingsley and Benjamin E. Shove, both of Syracuse, N. Y., of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This action is for damages sustained by the appellants due to the alleged negligence of the appellee in failing to guard and protect appellants' trunk while in its possession, containing jewelry carried as merchandise for sale and personal clothing. Judgment was entered by direction of the court for $100 as damages for the loss of personal clothing, but recovery was denied for the loss of jewelry valued at $35,000.

Appellants were engaged in the jewelry business, and one of them, Chapman, then traveling selling his jewelry, arrived at appellee's hotel in Syracuse, N. Y., in the early evening, was received as a guest and assigned to a room. He carried a small handbag containing his toilet articles and some clothing. This was placed in his room. After he registered, he gave his trunk check to a porter at the porters' desk in the lobby of the hotel, requesting that his trunk be brought from the railroad station to his room. He did not go to his room, but went out to a bowling al-

ley in the city, returned to his room about midnight, and discovered that his trunk had not arrived. On investigation, it was found that the trunk had been transported from the railroad station, on order of the porter, through a transportation agent, who had a contract with the appellee to transport baggage for its guests. The trunk was delivered on the sidewalk at the hotel door about 9:30 p. m. and, when an employee of the hotel went out to bring it in at 9:35, the trunk was gone. Two days later it was found along the highway outside of Syracuse. It was empty except for a few articles of soiled clothing and an order book.

In defense of the action below, the appellee successfully relied upon section 201 of the General Business Law of the state of New York (Consol. Laws, c. 20), which in part provides:

"Nor shall he [the innkeeper] be liable for the loss of or damage to any merchandise samples or merchandise for sale, unless the guest shall have given such keeper prior written notice of having the same in his possession, together with the value thereof, the receipt of which notice the hotel keeper shall acknowledge in writing over the signature of himself or his agent, but in no event shall such keeper be liable beyond five hundred dollars, unless it shall appear that such loss or damage occurred through his fault or negligence."

Appellee argues that, since it is conceded that no prior written notice of having this jewelry in this trunk, as merchandise for sale, was served, the common-law liability which would otherwise be enforced is limited. But for the limitation contained in this statute, appellee would be liable as an innkeeper, at common law, for the loss of its guest's jewelry, even though it was merchandise for sale.

At common law, liability is imposed upon an innkeeper as such, who voluntarily undertakes to bring the baggage of its guests from a railroad station to its hotel. And this is true where the innkeeper, for the purpose, obtains an expressman or agent to do the transporting. Williams v. Moore, 69 Ill. App. 618; Dickinson v. Winchester, 4 Cush. (Mass.) 114, 50 Am. Dec. 760; Hulett v. Swift, 33 N. Y. 571, 88 Am. Dec. 405; Wilkins v. Earle, 44 N. Y. 172, 4 Am. Rep. 655. But the law of New York limits this common-law liability by providing, as stated in the statute, an exception to liability for loss of merchandise for sale where the guest fails to give notice as prescribed in the act. As far

back as 1855, the Legislature began limiting the common-law liability of the innkeeper. Laws 1855, c. 421. It applied to moneys, jewelry, or ornaments. Ramaley v. Leland, 43 N. Y. 539, 3 Am. Rep. 728; Rosenplaenter v. Roessle, 54 N. Y. 262; Bendetson v. French, 46 N. Y. 266. In 1883, the Legislature again limited (section 2, c. 227, of the Laws of 1883) the liability as to merchandise. And, by chapter 506 of the Laws of 1924, merchandise samples and merchandise for sale were treated as a separate and distinct class of baggage, and the law required that the guests give the innkeeper prior written notice that he had in his possession merchandise samples or merchandise for sale, and required him to state to the innkeeper the value thereof and receive from the innkeeper a receipt of such notice over the signature of the innkeeper to make him liable for negligence respecting its safe-keeping. By the General Business Law N. Y. (Consol. Laws c. 20), § 201, the statute involved in this case, provisions were made in respect to liability for merchandise samples or merchandise for sale, exempting from liability in excess of a prescribed maximum amount, and requiring the notice as referred to.[1] Honig v. Riley, 244 N. Y. 105, 155 N. E. 65.

This legislation, enacted at various times, indicated an intent on the part of the Legislature to distinguish between business property and personal requirements of the guest. Merchandise for sale may be and usually is of considerably more value than that in the possession of the guest for his immediate requirements while a guest, and the Legislature deemed it an unusual and harsh burden to impose common-law liability for loss as to it.

The court below correctly ruled that, to give effect to the statute, there must be a limitation of the innkeeper's liability unless notice was given by Chapman at the time he gave his check to the porter and requested his trunk to be transported by the appellee, through its drayman, to the hotel for his use. It is reasonable to say that, if such notice was given and the value of the contents made known, a higher degree of care would have been exercised. This requirement of the statute imposed no hardship upon Chapman, and it would have afforded an opportunity to take extra care for the protection of the property. Fisher v. Kelsey, 121 U. S. 383, 7 S. Ct. 929,

---

[1] For other restrictions on common-law liability, see chapter 284 of the Laws of 1892, § 1; chapter 305, Laws of 1897; sections 200, 201 of the Business Law adopted in 1909; chapters 415, 417, Laws of 1923.

20 L. Ed. 930; Becker v. Haynes, 29 F. 441 (C. C. Dist. Mass.).

In Fisher v. Kelsey, supra, a statute of Missouri relieved an innkeeper from liability for the loss of any merchandise for sale or sample belonging to a guest, unless the guest gave notice of having such merchandise for sale in his possession after entering the inn. The plaintiff's salesman was a guest at the defendant's hotel, and to his knowledge and with the consent of the defendant he displayed his wares in a room in the hotel. Some jewelry was stolen. A direction of a verdict for the defendant was sustained by the Supreme Court. The court there said, at page 387 of 121 U. S., 7 S. Ct. 929, 931:

"If, as to such merchandise, it is intended to hold the innkeeper to the strict liability imposed at the common law in respect to the baggage or other personal property of a guest, the statute indicates the mode in which that intention must be manifested. The guest must give notice of such intention; and, as the notice is expressly required to be in writing, no other form of notice can be deemed a compliance with the statute. * * * The law of Missouri is so written, and it is our duty to give it effect according to the fair meaning of the words employed."

There was no error below in directing a verdict for the appellee as to the claim for the loss of the jewelry and awarding damages for the loss of clothing in the trunk.

Judgment affirmed.