Hilda G. Schwartz, J.
Defendant hotel moves for summary judgment under section 200 of the General Business Law which provides that the proprietor of a hotel is relieved from liability for loss to a guest of his money, jewels, ornaments, bank notes, bonds, negotiable securities or precious stones, if the hotel provides a place of safekeeping and patrons do not avail themselves of it. Defendant argues that the gold cuff links lost by plaintiff’s subrogors satisfied the definition of “jewels” under section 200.
Plaintiff makes a cross motion for summary judgment, arguing that the articles lost were not “ jewels,” “ ornaments ” or “ precious stones ” within the meaning of section 200, but were articles of ordinary wear carried for use and convenience and *997 not for ornamentation. Plaintiff refers to section 201 of the General Business Law, which places certain limits, not applicable here, on the common-law liability of a hotel keeper for loss of his guests’ property.
Both parties agree that there are no triable issues of fact and that the sole question to be determined is whether the missing cuff links come within the meaning of the words “ jewels,” “ ornaments ” or “ precious stones ” in the statute.
It is not disputed that plaintiff’s subrogors were guests of hotel on May T8 and 19,1968 and that at some time between the evening of May 18 and the morning of May 19, they discovered that a night case in their hotel room had been opened and a pair of gold cuff links with a 9m.m. pearl in each, valued at $175, was missing.
At common law, an innkeeper was liable as an insurer of the property of his guest unless the loss was occasioned by the negligence or fault of the guest (Millhiser v. Beau Site Co., 251 N. Y. 290). (See, also, Cohen v. Janlee Hotel Corp., 276 App. Div. 67, revd. on other grounds 301 N. Y. 736.)
The purpose of section 200, in providing that the hotelkeeper shall not be liable for money, jewels, ornaments, and precious stones if they are not deposited in the hotel safe provided, is to protect the hotel from an undisclosed excessive liability (Millhiser v. Beau Site Co., 251 N. Y. 290, supra).
Section 200 of the General Business Law, being in derogation of the common law relative to the liability of innkeepers, is strictly construed (Epp v. Bowman-Biltmore Hotels Corp., 171 Misc. 338). (See, also, Ramaley v. Leland, 43 N. Y. 539; Jones v. Hotel Latham Co., 62 Misc. 620; Briggs v. Todd, 28 Misc. 208). The exemption is limited to the particular species of property named and, being strictly construed, cannot be extended in its application Iby doubtful construction so as to include property not fairly within its terms. ‘ ‘ Property * * * which is useful or necessary to the comfort and convenience of the guest, that which is usually carried and worn as a part of the ordinary apparel and outfit * * * is left, as before the statute, at the risk of the innkeeper.” (Ramaley v. Leland, 43 N. Y. 539, atp. 542.)
In the Ramaley v. Leland case (43 N. Y. 539, supra), the plaintiff’s gold watch with chain, seal and key attached and $50 in money were stolen from his hotel room. A hotel safe had been provided and a notice posted. As to the money, the 'Court of Appeals held the defendant not liable. But the defendant hotel was held liable for the loss of the gold watch, chain, seal and key on the ground that a watch is neither a jewel nor ornament. The *998 court said (p. 542): “ 'The words of the statute must be taken in their ordinary sense, in the absence of any indication that they were used, either in a technical sense or a sense other than that in which they are popularly used. A watch is neither a jewel or ornament, as these words are used and understood, either in common parlance or by lexicographers. It is not used or carried as a jewel or ornament, but as a time-piece or chronometer, an article of ordinary wear by most travelers of every class, and of daily and hourly use by all. * * * It is carried for use and convenience and not for ornament. But it is enough that it is neither a jewel or ornament in any sense in which these words have ever been used ”.
In Jones v. Hotel Latham Co. (62 Misc. 620) the Appellate Term held that a watch, chain, purse and rosary, 'being each an article of use and not worn for ornament, are not “ jewels ” or “ ornaments ” within the meaning of the statute. In Briggs v. Todd (28 Misc. 208, supra) cited in Waters & Co. v. Gerard (189 N. Y. 302), the court held that silver table forks, a silver soup ladle and an heirloom gold watch were not jewels or ornaments under the statute, and the fact that a ¡State coat of arms was engraved on the watch and a portrait appeared on the inside of the case, did not convert it into a jewel or ornament.
A gold pen and pencil case were held not to be jewels or ornaments within the meaning of the act (Gile v. Libby, 36 Barb. 70).
The case of Rosenplaenter v. Roessle (54 N. Y. 262), cited by defendant as supporting its freedom from liability, involved what the court described as “ jewelry and ornaments.” Briggs v. Todd (28 Misc., at p. 214) comments on the Rosenplaenter case as follows: ‘ ‘ There is an unguarded expression in one case in the 'Court of Appeals •(Rosenplaenter v. Roessle, 54 N. Y. 262) that has cast a shade of doubt upon the otherwise uniformly recognized rule * * # barring the use of the word ‘ watch ’ that language accurately announces the approved law of the other cases. It is to be noted that there was no watch involved in the litigation, and that the case of Ramaley v. Leland, supra, in which the question was directly passed upon, was apparently overlooked. We, therefore, follow Becker v. Warner [90 Hun 187] supra, in which, referring to the learned commissioner’s language it is said that ‘ in so far as the foregoing statement includes a watch it was evidently an inadvertence on the part of the learned judge, or at least obiter.’ ”
A traveling bag finished with a silver mounted set and other silver articles was held not to be an ornament (Wies v. Hoffman, *999 House, 28 Misc. 225). In Hart v. Mills Hotel Trust (144 Misc. 121) it was held that a watch, a gold chain and knife were not jewels or ornaments, within the meaning of section 200 of the General Business Law, and as to them, the defendant hotel was at all times an insurer.
In Kennedy v. Bowman Biltmore Hotel Corp. (157 Misc. 416) the article lost from the hotel guest’s room was a wrist watch ornamented with diamonds. The court said (p. 417): “The watch involved while ornamented with diamonds was primarily an article of daily use and not a jewel, ornament or precious stone within the meaning of section 200 of the General Business Law. '(See Ramaley v. Leland, 43 N. Y. 539; Briggs v. Todd, 28 Misc. 208; Jones v. Hotel Latham Co., 62 id. 620.) Nor would the fact that a broken clasp made it unsafe to wear the watch on the day of its loss change the nature of the article. (Briggs v. Todd, supra.) ”
By analogy, the cuff links in suit, even though fashioned of gold and ornamented with a pearl in each, cannot be considered as jewels or ornaments, as these terms are used and understood in common parlance. Black’s Law Dictionary defines “ jewels ” as “an ornament of the person, such as earrings, pearls, diamonds, etc. prepared to be worn * * * An ornament made of precious metal or >a precious stone. ’ ’ Cuff links are not used as jewels or ornaments but to close the cuffs, otherwise button-less, of shirts. They are articles of utilitarian and ordinary wear in daily use, on all occasions, with business clothes as well as clothes designed for leisure, in the daytime as well as the evening. They are carried principally for use and convenience and not for ornament. Cuff links, as with watches and other articles of ordinary wear, may be made of precious metals and even made more elaborate with precious stones, but these do not change their essential description as articles of ordinary wear.
Section 200 of the General Business Law has modified the hotelkeeper’s liability only as to the articles named. Cuff links, even though made of gold and decorated with a pearl, are articles of use and are not jewels or ornaments within the meaning of section 200. The defendant hotel is therefore not relieved of liability for their loss despite the failure of the guests to deposit them in the hotel safe provided.
Defendant’s motion for summary judgment is denied.
Plaintiff’s motion for summary judgment is granted to the extent of directing an assessment on September 15,1969. Judgment shall then be entered in favor of plaintiff and against the defendant for the amount found upon the assessment.