■     ANNA ZALDIN et al., Plaintiffs, v CONCORD HOTEL, Defendant. (Action No. 1.) WILLIAM MODELL et al., Appellants, v KIAMESHA CONCORD, INC., Respondent. (Action No. 2.)—Appeal from an order of the Supreme Court at Special Term entered January 5, 1978 in Sullivan County, which denied plaintiffs' motion for summary judgment in Action No. 2. Plaintiffs' action, founded on the common-law liability of an innkeeper, is one to recover a judgment for the value of two rings belonging to Shelby Modell that were allegedly stolen from her guest room at the defendant Concord Hotel. According to the complaint and moving papers, Modell's daughter placed the rings in the hotel vault upon their arrival and removed them the following afternoon so that her mother could wear them while attending a hotel function later that evening. At the conclusion thereof, sometime after midnight, they attempted to return the rings to the vault, but were informed that the facility was closed between 11:00 P.M. and 8:00 A.M. The only notice concerning such a restriction was posted in the vault area. Shelby Modell then took the rings to her room, engaged both the door and chain locks, retired for the night, and discovered the loss of her jewelry around 9:00 A.M. the next morning. In opposition to plaintiffs' motion for summary judgment, the hotel admitted the foregoing limitation on vault hours, but maintained that it had complied with section 200 of the General Business Law by providing a safe for the benefit of its guests and should be absolved from any responsibility for plaintiffs' loss. Special Term found triable issues of fact involving the reasonableness of the vault hours and the sufficiency of the accompanying notice. It denied the motion and plaintiffs now appeal. Compliance with section 200 of the General Business Law relieves an innkeeper of common-law liability as an insurer of guest property and, therefore, must be strictly construed *(Millhiser v Beau Site Co.,* 251 NY 290; *Rosenplaenter v Roessle,* 54 NY 262; *Hulett v Swift,* 33 NY 571). However, we are satisfied that defendant met its terms. There is nothing in the statute that indicates a safe must be made available during "reasonable" hours or that a "notice" of such hours must be posted. All that is required is that a safe "shall be provided" and that notices be placed in certain locations. In this case not only was the safe "provided", it was actually used by plaintiffs. Had they first arrived at the hotel after 11:00 P.M., or had the hours of vault operation been restricted to an extremely short period of time, different legal questions would be presented and our conclusion might not be the same. While plaintiffs may have found it difficult to return their property to the vault after choosing to remove it, that circumstance does not alter the undisputed fact that a safe had been provided within the meaning of the statute. Accordingly, summary judgment should have been granted dismissing plaintiffs' complaint. Order modified, on the law, by granting summary judgment in favor of defendant dismissing the complaint, and, as so modified, affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.